BECKER COMPANY v. DANIEL A. CLARDY.

[51 South. 211.]

1. PRINCIPAL AND AGENT. *Authority of agent. Travelling salesman.*

Unless expressly thereunto authorized, a travelling salesman or "drummer" has authority only to solicit orders and transmit the same to his principal for approval, and may not make an absolute contract of sale.

2. SAME. *Sales. Orders. Acceptance. Collecting check.*

Where defendant rejected within a reasonable time an order for goods and offered to return the amount of a check sent by plain-tiff with the order, the collection of the check upon its receipt with the order, did not of itself amount to an acceptance of the order.

FROM the circuit court of Oktibbeha county.

HON. JOHN H. MITCHELL, Judge.

Clardy, appellee, was plaintiff in the court below; the Becker Company, appellant, a corporation, was defendant there. From a judgment for $700, predicated of a peremptory instruction, in plaintiff's favor, the defendant appealed to the supreme court. The opinion of the court states the facts.

*A. J. Rose,* for appellant.

It is clear that Stanion had no authority to make a binding contract of sale, and when appellee took the first order from Stanion, which was sent to appellant for its approval, and by it rejected, the appellee knew from this fact alone that Stanion could take no orders which were not subject to acceptance or rejection by appellant. When appellee gave his second order on April 4, 1908, he did so with knowledge that his first order for the same kind of soda fountain, with the same specifications, finish, price, and on the same terms, had been previously rejected by appellant. That appellee did know this is shown by his own testimony and by his own telegram which he sent on the day he gave the second order saying "we want you to confirm the contract." Because appellant had refused to accept the first order appellee believed it necessary on the day he gave the second order, to request a confirmation of the drummer's action. Appellee knew that appellant reserved the right to approve or reject the orders taken by its drummer because appellee had knowledge that appellant had refused an order previously given by him to the drummer for exactly the same property under exactly the same circumstances. He then asked for a confirmation of the drummer's action by a telegram to appellant. It is clearly shown by this evidence that appellee had knowledge of the limitations imposed upon the drummer in reference to his power to bind appellant.

The writing was a mere request, or proposal, which was not binding until accepted or acted upon by appellant. *McCormick Harvester Mach. Co. v. Richardson* (Iowa), 56 N. W. 682.

In *Baker v. Kellett, etc., Co.,* 84 S. W. 661, the defendant's soliciting agent took an order for machinery from plaintiff, which defendant refused to accept, and in an action to recover the difference between the price thereof and what plaintiff had

to pay for other machinery, it appeared that the agent had no authority to take an absolute order, but could only take orders subject to defendant's approval. Held, that the plaintiff could not recover without showing that the agent had authority, express or implied, to make absolute contracts of sale, or that defendant held the agent out to him or the general public as having such authority.

In *Brown Grocery Co. v. Beckett* (Ky.), 57 S. W. 458, the court says: "The general rule is that the acts of an agent bind his principal within the scope of his apparent authority, but that the principal is never bound where the person dealing with the agent knows, or has reason to know, that the agent is exceeding his authority or is perpetrating a fraud on his principal."

In the absence of special authority to bind his principal, the drummer can merely solicit and transmit orders, and the contract of sale does not become complete until the order is accepted by the principal. It has been held that, when the purchaser completes his transaction with the drummer, no binding contract has been made, nor any sale, absolute or conditional, and that the purchaser may countermand the order at any time before the goods are shipped, or the principal may refuse to accept the order; that it is a mere proposal, to be accepted or not as the principal sees fit, and may be withdrawn by the purchaser at any time before its acceptance. See *McKindly v. Dunham,* 55 Wis. 515, 13 N. W. 485; *Bensberg v. Harris,* 46 Mo. App. 404; 6 Am. & Eng. Ency. of Law (2d ed.), 227.

The case of *Matthews Apparatus Co. v. Renz* (Ky.), 61 S. W. 9, is a very similar case. In that case appellant's travelling salesman took from appellee an order for a soda fountain, to be shipped by appellant in the future at a price of $1,200. Part of the purchase price was to be satisfied by two old soda fountains to be taken in exchange by appellant at $900 and $300 in cash on August 15, 1896. This order was given

March 17, 1896, describing the property and stating the terms of payment. Within seven days after the giving of the order, appellant, through its salesman, notified appellee that it declined the proposition and would not fill the order. After a correspondence about one month later the appellee filed his. suit for damages asserting that the instrument was a binding contract between the parties, alleging its breach by appellant. and claiming to have suffered damages to the extent of $400 by the alleged breach. The law and facts were submitted to the court without a jury, and, judgment having been rendered for appellee in the sum of $200 damages, the case was brought before the court of appeals of Kentucky for review. This latter court held that, in the absence of special authority to bind his principal, the drummer can merely solicit orders, and that the contract of sale does not become complete until the order is accepted by the principal, citing *Brown Grocery Co. v. Beckett* (Ky.), 57 S. W. 458.

In support of the above view, we cite *Scarrett-Comstock Furniture Co. v. Hudspeth* (Okla.), 91 Pac. 843; *Gould v. Cates Chair Co.,* 41 South. 675; *Busby v. Y. & M. V. R. R. Co.,* 90 Miss. 13; *Peck v. Frieze,* 59 N. W. 600; Mechem, Sales, § 254.

The agent had no apparent authority when he took this order on April 14, 1908. The doctrine of apparent authority can be invoked only by one who has been misled to his detriment by the appearance of authority in an agent with whom he deals, though not existing in fact. *Betterson v. Neal* (Ala.), 33 South. 39, 40.

*Carroll & Magruder,* for appellee.

Appellee is entitled to recover in this case for the following reasons: (1) Because the contract for the soda fountain executed by appellant's salesman, Stanion, and appellee, was within the scope of the salesman's authority. (2) Because appellant. by its literature, correspondence and contract blanks, held

Stanion out to the world as its salesman and authorized agent. (3) Because appellant, by its course of dealing with appellee, is estopped from denying Stanion's authority. (4) Because appellant ratified the contract executed by its salesman, Stanion, by receiving the payment of $100 tendered by appellee as evidence of his intention to fulfill the contract, and retaining the same period for 'a period of six days, being in full possession of the terms of the contract.

The transaction between appellant company and appellee began during the latter part of March, 1908. Appellant was represented during all negotiation by Stanion. He was supplied with all necessary blanks, contract forms, for the making of contracts. There was nothing said or done by Stanion to put appellee upon inquiry as to the extent of Stanion's authority. Agency does not depend upon the intentions of the parties, nor upon their private agreements. It depends upon the facts and the relations of the parties. The salesman who acts within the scope of his authority is an agent, no matter what may be his secret agreement with his principal.

Independently of the fact that Stanion was acting as agent in all of the negotiations, and actually signed the contract, the evidence shows conclusively that appellant held him out to the world, and to appellee in particular, as its authorized agent for the execution of contracts.

Can appellant now be permitted to say that the contract involved in this case is only an offer, subject to its approval, in the face of the language of the contract itself? In all of the communications between the parties in reference to the contract, appellant urges appellees to "do business with our Mr. Stanion," but the secret limitation of authority, if such existed, was concealed from appellee.

In *Banks v. Everest,* 35 Kan. 687, it is held that private instructions to a drummer limiting his authority do not relieve the principal from liability.

It is immaterial whether or not Stanion was the agent of ap-

pellant in the execution of this contract, provided the evidence shows a ratification on the part of appellant. This, we contend is shown beyond a doubt. At the time of the execution of the contract, appellee delivered to Stanion $100 as provided in the contract. Stanion accepted and remitted the amount to his principal.

It is elementary law that the acceptance of the fruits of a contract operates as a ratification thereof, provided this is done with information or knowledge sufficient to put the accepting party on notice. *Meyer v. Morgan,* 51 Miss. 21; *Clark v. Reeder,* 158 U. S. 505; 31 Cyc. 1245, 1256.

Appellee executed this contract in good faith, and he had a legal right to expect it to be promptly fulfilled.

To permit appellant to repudiate the contract would be contrary to every principle of justice and fair dealing.

Argued orally by *A. J. Rose,* for appellant, and by *W. W. Magruder,* for appellee.

SMITH, J., delivered the opinion of the court.

This is an appeal from a judgment in the court below awarding appellee damages for the failure of appellant to deliver a soda fountain alleged to have been purchased by appellee from appellant.

Becker Company is engaged in the manufacture and sale of soda fountains in the city of Chicago, with a branch office in the city of Atlanta. J. E. Stanion is its traveling salesman, working on commission, with authority only to solicit orders and send same to his principal for acceptance. Clardy, appellee, is a druggist, doing business in the town of Starkville. On or about the 20th day of March, 1908, Stanion obtained from Clardy a written order for a soda fountain and equipment to be furnished by Becker Company. This order was by him forward to his principal. On the 24th of March, Becker

Company wrote Clardy, declining, in effect, to accept the order, and stating that he (Clardy) would have to make certain changes in the fountain in order to obtain same at the price offered; also stating that it had instructed Stanion to see him, and expressing the hope that Stanion would be able to do business with him. On April 2d the Becker Company telegraphed Stanion to "see Clardy immediately and get better contract or return original contract." Stanion thereupon went to Starkville to see Clardy, and while there received the following telegram from the Becker Company: "Do not lose this order. Get best contract possible and send in." After some negotiation Stanion obtained from Clardy a new order for a soda fountain in all respects identical with the former order, which had been declined. This order required the payment of the sum of $100 with the order, and $400 on receipt of bill of lading, the remainder to be paid in monthly installments. Clardy gave to Stanion his check for $100, which check, together with the order, was by Stanion forwarded to his principal at Chicago, with the request that it notify Clardy at once whether the order would be accepted or declined. After giving the second order, and on the day it was given, Clardy sent the following telegram to appellant's branch house at Atlanta: "Want you to confirm Stanion's contract with me. He made no change in price or terms as first given. He accepted same." To this telegram he received no reply. Upon receipt of the order and check, Becker Company deposited the check in its bank, and same was in due course paid by the bank at Starkville upon which it was drawn. On April 10th Becker Company wrote Clardy regretting its inability to accept the order, stating that the very best price it could furnish the outfit for was $2,250. The price made Clardy by Stanion was $1,650. In this letter was inclosed a check for $100 to cover the amount paid by Clardy on the order. Clardy declined to accept this check, returned same to Becker Company, and demanded that his

order be filled, and, on the refusal of Becker Company so to do, instituted this suit to recover the $100 paid by him and $600 damage alleged to have been sustained by him because of the refusal of Becker Company to comply with its alleged contract to build and deliver the soda fountain to him. At the close of the evidence the court refused to grant appellant a peremptory instruction, and instructed the jury to find for appellee. From a verdict and judgment accordingly, this appeal is taken.

Stanion had no authority, express or implied, to make an absolute contract of sale, and there is no evidence that he was held out to Clardy or the general public as having such authority. He was held out by the Becker Company to Clardy and the general public as its traveling salesman or "drummer" only, and in the absence of express authority such an agent has authority only to solicit orders and transmit same to his principal for approval. In addition, Clardy had notice of the limitation on Stanion's authority. His first order given Stanion had been declined by Stanion's principal. On giving the second order, he telegraphed the Becker Company, requesting that the order given Stanion be confirmed. He practically admits such notice on cross-examination. The telegrams received by Stanion conferred no authority upon him additional to that which he already possessed, which was to "get best contract possible and send in"—of course for confirmation by his house. He was simply told specifically to do in each instance what his contract with his house required him to do generally.

But it is contended that Becker Company, by depositing and collecting the check for $100 given Stanion by Clardy, thereby accepted the order. Upon receipt of this order the Becker Company was entitled to a reasonable time in which to examine and determine whether it would accept or reject same. Its general instruction to its cashier was to hold no checks, but to deposit same for collection immediately upon receipt thereof. This was a proper business regulation. The order was re-

jected within a reasonable time, and as soon as this was done an offer was made to return the money. Depositing the check for collection, therefore, did not constitute an acceptance of the order.

Appellee is entitled to recover only the $100 paid by him to Stanion, and interest thereon.

*Reversed and remanded.*