PLANTERS' LUMBER CO. *v.* SIBLEY.

[93 South. 440, No. 22618.]

1. JUDGMENT. *By default may be set aside during term rendered without notice to plaintiff.*

   A judgment by default may be set aside during the term at which it was rendered, without notice to the party in whose favor it was rendered.

2. JUDGMENT. *By default will be set aside upon showing that defendant's attorneys were unavoidably prevented from filing plea.*

A judgment by default will be set aside when the cause of the defendant's plea not having been filed was that one of his three attorneys was away on business at the time the plea was due, and supposed it would be filed by his associates, both of whom were unavoidably prevented from doing so.

3. APPEAL AND ERROR. *Judgments. Petition to set aside judgment by default should set out intended defense; judgment setting aside default not disturbed on appeal after trial on merits.*

A petition for the setting aside of a judgment by default should set forth the character of the defense which the defendant intends to make to the action, but when such a judgment has been set aside on a petition that fails to disclose the character of the defense which the defendant intends to make, the judgment setting aside the default will not be reversed on appeal to the supreme court after trial on the merits, in which a substantial defense was attempted to be made.

4. APPEAL AND ERROR. *Principal and agent. Judgment affirmed, though ruling complained of erroneous, where harmless; traveling salesman can generally merely transmit orders for approval; burden on person asserting traveling salesman authorized to make absolute sale.*

In passing on a ruling of a lower court, the supreme court will look at the whole record, and if in the light thereof no harm appears to have resulted to the appellant from the ruling complained of, the judgment will be affirmed, though the ruling may have been erroneous when made.

Unless expressly authorized to make an absolute contract of sale, a traveling salesman has authority only to solicit orders and transmit them to his principal for approval, and the burden of proving that the salesman was authorized to make such a contract is upon the person asserting it and seeking to avail himself of it.

APPEAL from circuit court of Sunflower county.

HON. S. F. DAVIS, Judge.

Action by the Planters' Lumber Company against Mrs. Nancy Sibley, administratrix. From the judgment rendered after judgment against the defendant by default was set aside, plaintiff appeals. Reversed and remanded.

*George Butler,* for appellant.

Under all the authorities the burden of proof was on appellee to show two things: (a) The fact of Schultz's agency; and, (b) The extent of the agent's authority.

In 31 Cyc, the rule is laid down as follows: "Burden of Proof. In General. Fact of Agency. Agency is a fact the burden of proving which rests upon the party affirming its existence; and the rule is equally applicable to one who would relieve himself from personal liability on the ground of agency and to one who would charge another as principal with the act of an alleged agent."

On page 1644, the rule is laid down as follows: "Extent of Authority. In General. Not only does the burden of proof as to the fact of agency rest with one who seeks to charge another as principal with the acts of an alleged agent, but the burden also rests with him to prove the extent of the agency; in other words, the burden is upon him to show that the act or acts of the agent were within the scope of his authority."

This is in line with the authority quoted in our original brief from 21 R. C. L. 905. Second; appellee makes the point that if appellant shipped the lumber and received the benefits accruing under the alleged contract, it is estopped to repudiate Schulte's authority. In other words, it is claimed that appellant by accepting the benefits of the contract ratified the unauthorized act of Schultz.

As supporting this proposition appellee quotes from 21 R. C. L. 923. However, in that same work at page 928, in discussing the question of ratification it is said: "In any case, however, in order to constitute a ratification there must be an acceptance of the result of the act with intent to ratify and with full knowledge of all of the material circumstances."

This is the universal rule. In *Meyer* v. *Baldwin,* 52 Miss. 263, it is said: "The third instruction for plaintiff below is plainly wrong. It tells the jury that the receipt by a principal of the fruits of an unauthorized act of an agent

is a ratification. Clearly not without full knowledge by. the principal. Story on Agency, section 253, Note 1.

The case of *Odd Fellows Benefit Association* v. *Smith,* 101 Miss. 332, expressly held that the Benefit Association is not to be deemed to have ratified the unauthorized acts of its agents in collecting past due assessments, though there was a general custom for the agents to collect such past due assessments, in the absence of a showing that the general officers knew of and acquiesced in the unauthorized act of the agent.

"A party relying on a ratification of the unauthorized act of an agent has the burden of proving it. To meet the burden it is necessary to show that the ratification was made under such circumstances as to be binding on the principal, especially to see to it that all material facts were made known to him, or, as is sometimes stated, to see to it that there was an adoption, of the act by the principal with full knowledge of what had been done in his name and on his behalf." 31 Cyc. 1647.

Appellee wholly failed to meet this burden, in fact, the record shows without contradiction, that appellant did not know of the existence of the alleged contract, until several months after the account became due and after it had repeatedly demanded of appellee payment of the balance.

*Chapman & Johnson* and *Flowers & Brown,* for appellee.

The power of a court to set aside or vacate default judgments is largely a discretionary one. Only in extreme cases involving an arbitrary abuse of this discretion will such orders be reversed by the appellate court. On the other hand, the universal sentiment is in favor of the trial on the merits. Few if any cases can be produced where default judgments have been reinstated on appeal.

The courts possess and exercise a very large discretion in vacating judgments by default, for permitting a defense to be made on the merits. No rule can be laid down which

would be applicable in all the states. . . . In deciding upon the question of diligence, the action of the court will be reviewed only in extreme cases; involving an abuse of the discretion vested in the court." 2 Freeman on Judgments, section 541.

This record does not reflect an abuse of discretion on the part of the trial court in setting aside the order. If there is any particular doctrine accepted by this court dealing with matters of this sort it is that all doubt should be resolved in favor of a trial on the merits. *Southwestern Surety Company* v. *Treadwell,* 113 Miss. 189, 74 So. 143.

Shultz was the agent of the plaintiff clothed with apparent authority to make a contract of this nature. In the very authority quoted by counsel for appellant, section 81, 21 R. C. L. 904, it is said that: "The principal is bound by all the acts of his agent within the scope of the authority which he has held him out to the world to possess. If an act done by an agent is within the general scope of the authority with which he has been clothed, it matter not that it is directly contrary to the instructions of the principal; the latter will nevertheless be liable;" and in 21 R. C. L. 907, section 48, it is further said: "Where a principal has by his voluntary act, placed an agent in such a situation that a person of ordinary prudence, conversant with business usages and the nature of the particular business, is justified in presuming that such agent has authority to perform a particular act, and therefore deals with the agent, the principal is estopped as against such third person from denying the agent's authority."

The case of *Becker Co.* v. *Clardy,* 96 Miss. 301, 51 So. 211, is not at all in point. There it was expressly shown that Clardy had notice of the limitations on the agent's authority. In fact after the order was given, he, Clardy, wired the principal asking that the agent's contract be confirmed. This it refused to do. It is said in the opinion in that case that "Stannion (the agent) had no authority, express or implied, to make an absolute contract of sale In addition Clardy had notice of the limitations on Stan

nion's authority." *Bank* v. *Gwin Lewis Grocery Company,* 123 Miss. 443, 86 So. 275; *Grunner Lbr. Co.* v. *Algonquin Lbr. Co.,* 123 Miss. 157, 85 So. 191, is also easily distinguished from the case at bar.   In that case it will be observed that the order was acknowledged by the Algonquin Lumber Company in a letter to the company and its counterterms accepted by the president of the company.   We fully appreciate the general rule announced in that case to the effect that a person dealing with an agent of another must know the limitations of authority upon the power of the agent.   But it is also there stated that this rule is qualified where there are elements of estoppel.   In other words when one has by his voluntary act placed an agent in such a situation that a person familiar with the nature of the particular business is justified in presuming that such an agent has authority to perform a particular act, and thereafter deals with the agent, the principal is bound.

It must be borne in mind here that this is not a case where the principal is denying the existence of any contract growing out of the dealings with its agent.   This case is distinguishable from that class of cases wherein the agent takes an order and his principal refuses to accept it or to ship the goods.   In most cases this question comes up on a suit by the purchaser for failure to ship merchandise or material ordered through the agent.   Here we have the lumber company actually suing on the contract made by the agent.   This is not an action brought to charge the principal with liability for an unauthorized act of the agent.   The principal in bringing this suit expressly ratified the acts of the agent, Shultz, in selling the material. The only question for decision here is the term of this sale. We are confronted with the express admission that Shultz had authority to sell the material and he did sell it.   The original bill of sale, or order as it is termed, alleged to have been taken by Shultz on one of the company's printed forms was offered in evidence.   R. 105, et seq.   This document does not show that it is subject to confirmation by

the lumber company. It seems to be very peculiarly worded. It has in bold letters and figures at the very top of it "Estimate No. 204" "sold to J. N. Sibley, Rome, Miss."

If Shultz had not been in the habit of selling "estimates" why have their stationery printed in any such misleading manner? There is nothing here to indicate that this is an order subject to the approval of the house. The memorandum or the acknowledgment about liability ceasing with issuance of the bill of lading has to do with the loss and damage in transit feature of the contract. It merely means that if the railroad company should lose part of the shipment the duty of filling the claim therefor rests with the consignee and not with the shipper. The attempt is being made here to accept the benefits of part of a contract made by the agent and repudiate the such parts thereof as are detrimental. This is not a suit to charge the principal with certain acts of his agents but is a defense raised against a demand of the principal.

If a principal elects to ratify any portion of an unauthorized contract of his agent, he must ratify the whole of it. He cannot avail himself of such acts as are beneficial to him and repudiate such as are detrimental." 21 R. C. L. 923.

A case somewhat in point with the case at bar is that of *Felder* v. *Acme Mills*, 112 Miss. 322, 72 So. 52. In that case the agent took an order for flour and stipulated and agreed that the same should be charged to the agent in order to take care of the debt he owed Felder personally. It seems, however, that after he took the order from Felder he made up another order for a like amount of flour and provided that it should be charged to Felder. Both orders were sent in. The mill refused to honor the one that was to be charged to its agent but did ship the flour called for on the forged order. Felder received the flour and sold it thinking that it was to be paid for by the agent. This was a suit against him for the purchase price. The court said: "The point is, who must suffer the loss caused by appellee's accredited agent. We believe the appellee should.

In the case at bar we have no question of a warranty of quality or condition or anything of that sort. We have the accredited agent of the lumber company entering into a contract with defendant to furnish all material necessary to build these houses and for a specified sum. This contract, according to the record, was entered into in good faith by Mr. Sibley and was witnessed by one Currie who testified positively that he heard it made. Mr. Sibley since giving this testimony has gone to his reward. The case has been revived against his administratrix. The verdict of the jury ought to be allowed to stand.

SMITH, C. J., delivered the opinion of the court.

The appellant, a corporation doing business in Jackson, Miss., was the plaintiff in the court below, and the appellee's intestate, who lived at Rome, Miss., was the defendant, and the action is for the recovery by the plaintiff of the balance alleged to be due by the defendant on an account for lumber sold and delivered. The summons issued after the filing of the declaration was served on the defendant on September 28, 1920, and on March 22, 1921, the second day of the term of court to which the cause was returnable, the defendant failing to appear and plead, a judgment by default was rendered for the plaintiff. On a later day of the same term of the court, and without notice to the plaintiff, this judgment was set aside on the petition of the defendant, and the cause was continued to the next term of the court.

The petition on which the judgment by default was set aside alleges that the defendant had employed a firm of three lawyers to attend to the case for him, and that one of them was called to a court in another county at the time the plea was due, and that he was of the impression that it would be filed by one of his two associates, but that each of them was unavoidably prevented from doing so; one by sickness and the other by being hurt in an automobile accident. The petition also alleges that the defend-

130 Miss.—3

ant has a meritorious defense to the action, but does not allege of what the defense consists. At the succeeding term of the court the defendant appeared, filed a plea, and the cause was tried on its merits, resulting in a judgment for the plaintiff, but for less than the amount sought to be recovered.

The defendant by his plea and evidence admits purchasing the lumber for the sum claimed by the plaintiff, but claims and was allowed by the court and jury a deduction therefrom because of an alleged failure of the plaintiff to deliver all of the lumber purchased. The order for the lumber was given by the defendant to one Shultz, a traveling salesman of the plaintiff, and the defendant's evidence is to the effect that he desired to construct three houses; that Shultz aided him in drawing the plans therefor, made an estimate of the material required for the building thereof, and agreed that the plaintiff would sell and deliver to the defendant at Rome, Miss., building material sufficient for the construction of the three houses, and that in event the material delivered by the plaintiff should not be sufficient therefor the defendant might purchase the necessary material for the completion of the houses in the local market, and deduct the cost thereof from the amount due the plaintiff; that the material delivered by the plaintiff was not sufficient to complete the houses necessitating the expenditure by the defendant of eight hundred and thirty-two dollars and seventy-two cents in the purchase of additional material.

The plaintiff sought, but was not permitted, to prove that Shultz was authorized only to solicit orders for building material and transmit the same to the plaintiff for approval, and also that it was customary among dealers to aid prospective purchasers of building material for the construction of houses to estimate the quantity and character that would be required therefor.

The evidence for the plaintiff is to the effect that Shultz aided the defendant in determining what building material would be necessary for the construction of the houses, and

that he then made an itemized list thereof, and offered on the part of the plaintiff to sell the material as listed to the defendant for a certain price, which the defendant accepted, a copy of which list was then given by Shultz to the defendant; that Shultz did not agree that in event the material delivered to the defendant by the plaintiff should not be sufficient for the construction of the houses that the defendant might purchase sufficient therefor in the local market, and charge the cost thereof to the plaintiff.  The defendant admits that Shultz gave him this itemized list of the material purchased, but claims that this was not done until about two weeks after the contract was made.

It appears from the evidence of both the plaintiff and defendant that upon the receipt of the order from Shultz the plaintiff mailed to and the defendant received a confirmation thereof, setting forth each item of material purchased by the defendant and to be delivered by the plaintiff, and that the material shipped to and received by the defendant corresponded therewith.  No demand was made by the defendant on the plaintiff for additional material, and it knew nothing of the defendant's claim that the contract of sale provided therefor until advised thereof by the defendant when it called on him for payment.  The allowance claimed by the defendant being less than the amount sued for, the court below charged the jury to return a verdict for the plaintiff, but submitted the amount thereof to its determination in the light of the evidence as hereinbefore set out.  The verdict returned was in accordance with the defendant's contention.

A judgment by default may be set aside during the term at which it was rendered, at the request of either party thereto, without notice to the party in whose favor it was rendered, and we cannot say that the court below erred in holding that the defendant's attorneys were not negligent in failing to file his plea when due.  The defendant should have set forth in his petition the defense which he desired to make to the action so that the court might itself determine whether or not it was meritorious, but his fail-

ure so to do cannot now be availed of by the plaintiff, for had he set forth the nature of his defense we must presume that it would have been that afterwards set forth in his plea, to-wit, that his contract with the plaintiff entitled him to an allowance for certain expenditures made by him in obtaining building material which the plaintiff should, but failed to, deliver to him, and the rule is that in passing on a ruling of a lower court this court will look to the whole record, and, if in the light thereof no harm appears to have resulted to the appellant from the ruling complained of, the judgment will be affirmed, though the ruling may have been erroneous when made. *Hemingway* v. *State,* 68 Miss. 371, 8 So. 317.

On the merits the only assignment of error necessary to be considered is that the verdict of the jury is not supported by the evidence.

Unless expressly authorized to make an absolute contract of sale, a traveling salesman has authority only to solicit orders and transmit the same to his principal for approval, and the burden of proving that the salesman was authorized by his principal to make such a contract is upon the person asserting it and seeking to avail himself of it. *Becker Co.* v. *Clardy,* 96 Miss. 301, 51 So. 211, Ann. Cas. 1912B, 355; *Savings Bank* v. *Grocery Co. et al.,* 123 Miss. 443, 86 So. 275.

In the case at bar, not only is the salesman who solicited the order not shown to have been authorized to make a contract of sale, but the confirmation of the order by the principal discloses exactly what goods the principal proposed to deliver pursuant thereto, to which the purchaser interposed no objection.

The evidence is insufficient to support the verdict; consequently the judgment will be reversed, and the cause remanded.

*Reversed and remanded.*