FAIRBANKS MORSE & Co. *et al. v.* DALE & Co.

(Division B.   March 11, 1935.)

[159 So. 859.   No. 31584.]

Chambers & Trenholm, of Jackson, for appellants.

**Livingston & Milloy**, of Prentiss, for appellee.

Argued orally by **E. L. Trenholm,** for appellant.

**Anderson, J.,** delivered the opinion of the court.

Appellee, a mercantile company at Prentiss in Jefferson Davis county, brought this action of replevin in a court of a justice of the peace of that county against the Mississippi Central Railroad Company to recover a pair of scales. At the trial appellant Fairbanks Morse & Company intervened and claimed title and right of possession to the scales. By agreement the railroad company was eliminated from the case and Fairbanks Morse & Company substituted as defendant. The trial resulted in a judgment for appellee for the scales and damages in the sum of one hundred fifteen dollars and costs against Fairbanks Morse & Company. From that judgment Fairbanks Morse & Company appealed to the circuit court, where there was a trial de novo, resulting in a judgment in favor of appellee for the scales and damages in the sum of fifty dollars and costs against appellant Fairbanks Morse & Company and the surety on its appeal bond, United States Fidelity & Guaranty Company. From that judgment both Fairbanks Morse & Company and its surety prosecute this appeal.

There was little, if any, conflict in the material evidence. Dale & Company, as stated, was engaged in the mercantile business at Prentiss. Dewees Fixture Company was engaged in business in Jackson. Fairbanks Morse & Company, which for convenience will be referred to as the Fairbanks company, had its office for

this territory in the city of New Orleans. One Steel was a traveling salesman for the Dewees Fixture Company; he solicited and received the order for the scales involved; he carried with him a Fairbanks company catalogue. The scales were selected by appellee from that catalogue. Steel and appellee both understood that the scales would be ordered from the Fairbanks company. The price was twenty-two dollars and fifty cents. Appellee was anxious for a quick delivery of the scales. Steel represented that he was taking the order through his principal, Dewees Fixture Company. The scales were to be shipped C. O. D.; draft was to be drawn by the Fairbanks company on Dewees Fixture Company for the price, with shipper's order bill attached with direction thereon to "notify Dale & Company, Prentiss, Mississippi." The draft was to be drawn through the Capital National Bank at Jackson. At the time the order was taken by Steel, appellee gave Steel a check on its bank for the price of the scales, payable to the Dewees Fixture Company. This check was later cashed by the Dewees Fixture Company and the funds appropriated to its own use; no part thereof ever having been either paid to the Fairbanks company or returned to appellee. There is a glimpse in the record that bankruptcy was the reason. The Fairbanks company accepted the order and shipped the scales on a shipper's order bill "notify Dale & Company, Prentiss, Mississippi," indorsed the bill, drew a draft on Dewees Fixture Company, attached the bill to it, and forwarded them to the Capital National Bank at Jackson for collection. The draft was never paid. Appellee, having paid Dewees Fixture Company for the scales, thought that under the law it was entitled to receive them; they were in the custody of the railroad company at Prentiss, and Dale & Company demanded of the railroad company that they be delivered to it. The railroad company refused to do so, unless appellee should produce and deliver to it, properly indorsed, the shipper's order bill.

Appellee could not do this, because the bank would not surrender it until the draft was paid. Thereupon appellee brought replevin against the railroad company for the scales, followed by the trials and results above stated.

The case turns on whether or not Dewees Fixture Company, through its agent Steel, was the agent of the Fairbanks company with authority to take the order for the scales and collect the price. The evidence for the Fairbanks company, which was undisputed unless it was by inference, showed that appellee was unknown to it; that the Dewees Fixture Company was one of its customers; that it sold the scales to the Dewees Fixture Company on shipper's order bill attached to a draft on Dewees Fixture Company for the price; that it knew that Dewees Fixture Company was ordering the scales for its customer, appellee, because the order provided for shipment to Prentiss with directions to notify appellee. It showed further that neither the Dewees Fixture Company nor its agent Steel had any authority to collect the price of the scales.

The evidence relied on, which for the purpose of this decision will be taken as true, as constituting the Dewees Fixture Company and its agent Steel the agents of the Fairbanks company with authority to not only take orders but collect, was substantially as follows: Some months before Steel took this order he was in Prentiss; he had a business interview with appellee; he had with him a Fairbanks company catalogue and claimed to be representing that company. At that time he took no order from appellee. When the order for the scales was taken, Steel had with him the Fairbanks catalogue, the scales were selected by appellee therefrom, and the price fixed from the catalogue price. Putting it stronger than the evidence showed either directly or by any reasonable inference, Steel represented his principal, Dewees Fixture Company, as the agent of the Fairbanks company, and

the sale of the scales was therefore being made by the Fairbanks company to appellee through that agency. In other words, let this be the case: Dewees Fixture Company was the agent of the Fairbanks company to solicit orders and send them in for the approval of the latter. The evidence certainly went no further; that was nothing to show either directly or indirectly that the Fairbanks company had given the Dewees Fixture Company the additional authority to collect for the scales. The draft with the shipper's order bill attached is conclusive proof that all the parties concerned knew that no one had authority to collect except the bank that held it.

Where an agent has not the possession of the goods and no other indicia of authority, and he is authorized to solicit orders or make contracts to submit to the principal for approval, there is no implied authority to collect, and the purchaser makes payment to him at his own peril. Under this principle, brokers and traveling salesmen who have not the possession of the goods, and who sell for future delivery to be paid for on delivery or at a future time, are without authority to collect payment for the goods. If payment is made to a person occupying that relation, the purchaser makes him his agent to pay the seller, and, if he fails, it is the purchaser's loss and not the seller's. Becker Co. v. Clardy, 96 Miss. 301, 51 So. 211, Ann. Cas. 1912B, 355; Cape County Sav. Bank v. Grocery Co., 123 Miss. 443, 86 So. 275; Planters' Lumber Co. v. Sibley, 130 Miss. 26, 93 So. 440; 2 C. J., p. 593, sec. 229; 2 C. J., p. 605, sec. 239. Unless expressly authorized to make an absolute contract of sale, a traveling salesman has authority only to solicit orders and transmit them to his principal for approval, and the burden of proving that the salesman was authorized to make such a contract is upon the person asserting and seeking to avail himself of it. Planters' Lumber Co. v. Sibley, supra.

It was not shown either directly or by reasonable inference that either the Dewees Fixture Company or Steel had any authority to go beyond merely soliciting and forwarding orders subject to the acceptance and approval of the Fairbanks company. It follows that the payment by appellee to the Dewees Fixture Company was not a payment to the Fairbanks Company, and the loss must therefore fall on appellee and not on the Fairbanks company. Therefore the Fairbanks company was entitled to a directed verdict and judgment on liability, and final judgment will be rendered here accordingly. The cause must be remanded, however, for the assessment of damages alone.

Reversed and remanded.