CAMPBELL, et al. *v.* CAMPBELL, et al.

No. 40541          October 21, 1957          97 So. 2d 527

*Laurel G. Weir,* Philadelphia, for appellants.

*W. D. Moore,* Philadelphia, for appellees.

HALL, J.

This is an action of ejectment brought in the Circuit Court of Kemper County for recovery of the possession of 100 acres of land situated in said county. The plaintiffs are Charlie Campbell, Martha Ellen Campbell and Sam Campbell, and the defendants are Willie Campbell and Mamie Campbell. Process was issued and served returnable on the first Monday of November, 1956, which date was November 5.

On Tuesday, November 6, 1956, the plaintiffs filed a motion for a judgment by default against the defendants and on the same day the defendants filed a plea of res adjudicata and moved the court to dismiss the suit. No

testimony. was taken with reference to the plea of res adjudicata but there were attached to the plea two certified copies of decrees of the Chancery Court of Kemper County. The first was a decree dated April 9, 1955, in a suit brought by Lannie Campbell against Rosie Crews, alias Rosie Campbell, "and all persons having or claiming any legal or equitable interest in the lands described in the bill of complaint". The bill of complaint on which this decree was based does not appear in the record but according to the decree it was a suit to remove a cloud on the title of Lannie Campbell as well as to adjudge her to be the owner in fee simple of the land and confirming her title. The decree of April 9, 1955, erroneously described the land as being situated in Neshoba County, Mississippi.

█ █ The second decree exhibited with the plea is a vacation decree entered on August 4, 1956, to correct the error in the first decree so as to change the location of the land from Neshoba County to Kemper County. The record is silent as to which county the land was alleged to be located in by the bill of complaint. The second decree changing the location to Kemper County was evidently attempted to be made under Section 1670, Code of 1942. As stated, the second decree was on an ex parte petition. Said Section 1670 authorizes the amendment but only upon reasonable notice in writing to the opposite party of the application for the amendment. It is reasonably apparent from the face of the second decree that no notice whatsoever was given to the opposite party and that part of the statute which requires notice was not complied with and the second decree is consequently void.

█ █ On the face of the showing made by these two decrees which were attached to the plea of res adjudicata, the circuit court overruled the motion of the plaintiffs for a judgment by default and entered an order sustaining the plea of res adjudicata.

From what we have said it will be noted that there is a serious question as to whether or not there is an identity

in the thing sued for because the ejectment suit clearly seeks possession of the land in Kemper County, while the original decree on which the appellees rely places the land in Neshoba County; furthermore it is perfectly clear that there is no identity whatsoever of the persons and parties to the ejectment suit and the persons and parties to the chancery suit.

██ ■ In the case of Palmer v. Clarksdale Hospital, 213 Miss. 611 (616), 57 So. 2d 476, we followed the rule which has long been established in Mississippi and elsewhere as follows: ''The essentials necessary to constitute res judicata are well settled by the decisions of this Court. They are (1) identity in the thing sued for; (2) identity in the cause of action; (3) identity of persons and parties to the action; and (4) identity of quality in the persons for or against whom the claim is made. Brown v. Attala Drainage District No. 2, 185 Miss. 386, 187 So. 529; Jones v. George, 126 Miss. 576, 89 So. 231.''

This quotation was copied and followed in the case of Rawlings v. Royals, 214 Miss. 335, (339), 58 So. 2d 820.

In view of the ruling of the lower court in sustaining the plea of res adjudicata and dismissing the suit without any proof whatsoever other than the certified copies of the two decrees, we are of the opinion that in the present state of the record the plea should not have been sustained and that for this reason the judgment appealed from should be reversed and the cause remanded.

██ ■ Appellants contend that they are entitled to a judgment by default in this Court for the reason that the lower court should have awarded them such judgment. Section 1519, Code of 1942, provides that the defendant shall plead on or before the first day of the term to which the process is returnable, or within thirty days after service of process, whichever would cause the pleading to be filed earlier, or within such other time as the court, by rule or otherwise, may allow, and that ''for want of plea, judgment *may* be entered by default''. ██ ■ It will be

noted that the entry of judgment by default is not compulsory. This Court has several times decided that even after a judgment by default has been entered, the trial court may set the same aside during the term even without notice to the plaintiff. Planters Supply Co. v. Sibley, 130 Miss. 26, 93 So. 440. In that case no plea had been filed and a judgment by default was entered which was subsequently set aside by the court during the same term.

In Southwestern Surety Ins. Co. v. Treadwell, 113 Miss. 189, 74 So. 143, this Court held that while a large discretion rests with the circuit judge in dealing with motions to set aside default judgment, still no fixed and ironclad rule can be safely adopted, and that even after a default judgment has been entered, where there is a reasonable doubt as to whether or not it should be vacated, such doubt should be resolved in favor of opening the judgment and hearing the case on its merits.

Reversed and remanded.

*McGehee, C. J.,* and *Lee, Kyle* and *Holmes, JJ.,* concur.