SMITH, Justice:
In a case heard by agreement in vacation without a jury, Federal Deposit Insurance *472 Corporation recovered a judgment against W. C. Fulton, M.D., in the Circuit Court of Monroe County for $41,113.00. The present case involves both an appeal by Fulton’s administratrix from an order refusing to revive a motion to set aside the judgment and the appeal of W. C. Fulton Health Center, Inc., from a final judgment by default entered against it under the provisions of Mississippi Code 1942 Annotated section 1907 (1956) for failure to respond as required by that section to an execution issued under the Fulton judgment and levied upon it. The two appeals were considered together by this Court.
We have no difficulty in affirming the decision of the circuit court in declining to revive the motion to set aside the original judgment recovered by appellee against W. C. Fulton, M.D. The record makes it clear that the judgment is valid and that the attack now sought to be made upon it is without merit. Moreover, it comes too late.
The appeal by W. C. Fulton Health Center, Inc., presents a more complex question. Separate writs, one of garnishment and the other of execution were issued upon the Fulton judgment and levied against or served upon W. C. Fulton Health Center, Inc. The writ of execution was served under Code Section 1907 for the purpose of .subjecting Fulton’s stock, shares and interest in the W. C. Fulton Health Center, Inc., to the satisfaction of appel-lee’s judgment against Fulton. On the return date, Health Center having failed to answer, a motion for judgment by default was made against Health Center, the garnishee. A motion was also made for judgment by default against Health Center for the full amount of the Fulton judgment for failure to supply in a sworn response to the levy of the writ of execution certain information required by Code Section 1907. Before any judgments were entered, however, Health Center, acting through its president and attorney, applied for and was granted further time. Thereafter, before the hearing, Health Center filed a motion to quash the writ of garnishment. This motion was confessed. No motion was made to quash the execution.
No sworn answer was made to the writ of execution, as such. However, Health Center filed in the case a full sworn answer entitled “Answer of Garnishee, W. C, Fulton Health Center, Inc.” Also, filed was an affidavit of the person named in the writ of execution as its clerk, denying that she was an agent, servant or employee of Health Center. No motion was made to quash or invalidate service of the writ of execution.
After a hearing, the trial court ruled that Health Center was in default, having failed to comply with the requirements of section 1907, in that it had failed to file a sworn written response to the writ of execution. Thereupon, the court entered judgment by default against Health Center for the full amount of the Fulton judgment under Code Section 1907.
Several arguments are advanced by Health Center for reversal of the judgment entered against it. It is said, among other things, that Code Section 1907 was repealed by implication as being in conflict with the Uniform Securities Transfer Act in 1946. It was not, of course, among the enumerated sections expressly repealed by that Act. We are unable to agree that the enactment of the Uniform Securities Transfer Act had the effect of repealing Code Section 1907.
Proposition Number One of Health Center’s brief is as follows: “The appellant corporation has filed sufficient responsive pleadings so that there was no default upon which a default judgment could be entered.”
In this section of the brief, following criticism directed at the mode of service of the writ of execution, it is said:
[A]nd more important that all information which could be expected or required of the appellant corporation in response to either the purported levy of execution or the writ of garnishment was con *473 tained in the sworn answer of the appellant filed on that date. In that answer it was set forth upon oath of the appellant’s president that the principal defendant, Dr. W. C. Fulton, was not in any way a creditor of the appellant; that the said Dr. Fulton owned 500 shares of preferred stock in appellant corporation of a par value of $100.00 per share; and that the said Dr. Fulton had a lease on certain property of the appellant described therein; and that this constituted the only interest of the judgment debtor in the appellant corporation, and thus complied with Section 1907 of the Mississippi Code, if appellant was required under the law to respond as set forth in that section of the Code.
The sworn pleading of the appellant signed by its president was styled an Answer of Garnishee, but it was in fact both an answer to the writ of garnishment and a full response to the purported levy of execution. (Emphasis added).
Moreover, at the hearing, the president and attorney for Health Center dictated into the record a lengthy stipulation, in the course of which the attorney for appellee and the court made frequent interpolations. In this “stipulation,” Health Center undertook to supply information relating to Fulton’s stock or stock interest in Health Center and as to his other interests therein and connection therewith. This was permitted without objection. Among other things, it was stated also without objection, that “W. C. Fulton, M.D. by virtue of said bill of sale is entitled to receive five hundred shares of preferred stock of said corporation.”
As the hearing neared its conclusion, the court said:
Well, it looks like to me that the proper mode of handling the matter as far as the corporation is concerned would have been the required statutory answer as to the stock owned by him, Dr. Fulton, and a written answer filed in it.
And then the court said:
The statutory answer required of a corporation is what I am saying, when they have been notified that an execution has been issued, a statutory answer setting out how much stock is owned by the particular persons and so forth.
Whereupon, the attorney for appellee stated : “He (Fulton) doesn’t have any stock.” Health Center’s attorney responded to that statement by informing him and the court:
Yes, it is in there, if the Court please, we filed an answer to the garnishment and set up that he owned five hundred shares and that he had a leasehold interest on the property of the corporation for ten years and that is all.
From this it is argued that, regardless of the entitlement of the pleading, Health Center’s sworn answer to the garnishment, coupled with the statements of its attorney in the stipulation, constituted a sufficient compliance with the requirements of Code Section 1907, at least in substance, to withstand the motion for judgment by default. With this we are inclined to agree. At the time of the entry of the default judgment, the information required by Code Section 1907 had been made available to appellee by Health Center in its sworn written response filed in the same action although in a pleading designated “Answer of Garnishee”, as well as by its attorney and president.
The harsh remedy provided by Code Section 1907 should be applied only in cases where the default may be safely characterized as clear and willful, not where the failure to respond is merely inept, informal or inadvertent. So considered the answer of Health Center, on file in the same case, was sufficiently responsive under all of the circumstances in the record, aided by the “stipulation” of its president and attorney, to supply appellee with the required information and to withstand the motion for judgment against it by default under the provisions of Code Section 1907.
*474 In Campbell v. Campbell, 231 Miss. 658, 662, 97 So.2d 527, 528 (1957) this Court said:
It will be noted that the entry of judgment by default is not compulsory. This Court has several times decided that even after a judgment by default has been entered, the trial court may set the same aside during the term even without notice to the plaintiff. Planters’ Lumber Co. v. Sibley, 130 Miss. 26, 93 So. 440. . . .
The judgment granted in the Campbell case was reversed and the case remanded for trial upon the merits. The Court stated further:
[N]o fixed and ironclad rule can be safely adopted, and that even after a default judgment has been entered, where there is a reasonable doubt as to whether or not it should be vacated, such doubt should be resolved in favor of opening the judgment and hearing the case on its merits. (231 Miss, at 662, 97 So.2d at 529).
Also, in Southwestern Surety Ins. Co. v. Treadway, 113 Miss. 189, 199, 74 So. 143, 146 (1917) it was stated:
Where there is a reasonable doubt as to whether or not a default judgment should be vacated, the doubt should be resolved in favor of opening the judgment and hearing the case on its merits.
The judgment against W. C. Fulton, M.D., will, therefore, be affirmed.
The judgment entered by default against W. C. Fulton Health Center, Inc., however, will be reversed and set aside. Health Center’s answer entitled “Answer of Garnishee,” aided by the stipulation of its counsel dictated into the record at the hearing, will be treated as its response under Code Section 1907, but shall be subject, on remand, to such exceptions as to form and content as appellee may see fit to make; but no misnomer, defect or insufficiency in such answer shall have the effect of releasing, impairing or abrogating the lien of the execution upon the stock and interest of W. C. Fulton, M.D., in or in the hands of W. C. Fulton Health Center, Inc., and such lien with respect thereto shall be considered as having taken effect upon the date of the levy of such execution and shall bind such stock and interest from that date.
The judgment of Federal Deposit Insurance Corporation against W. C. Fulton, M. D,, is affirmed. The judgment of Federal Deposit Insurance Corporation against W. C. Fulton Health Center, Inc., is reversed and set aside and the case is remanded for further proceedings, not inconsistent herewith, directed toward subjecting the full share, stock and interests of W. C. Fulton, M.D., in W. C. Fulton Health Center, Inc., as of the date of the levy of such execution to the satisfaction of its judgment against W. C. Fulton, M.D.
GILLESPIE, C. J., and PATTERSON, ROBERTSON and SUGG, JJ., concur.