ELLEN S. HOWZE v. THOMAS J. WHITEHEAD, JR.

[46 South. 401.]

1. PARTY WALLS. *Injury. Restoration. Contribution to expense. Use
   of restored wall.*

   A joint owner of a burned and injured party wall, who declined to
   contribute to its restoration because he then had no use for it,
   but afterwards joined onto and used the wall as restored by his co-
   owner is liable for his share of the costs of its construction.

2. PRINCIPAL AND AGENT. *Agent's authority. Necessity to prove.*

   A claim predicated of an agreement with an alleged agent of an-
   other is of no value unless supported by evidence of the agent's
   authority to make it.

**3. SAME.** *Evidence.* *Sufficiency.*

> Proof that a designated person collected rents for plaintiff is insufficient to show that he was authorized by plaintiff to release defendant from contributing to the costs of rebuilding a destroyed party wall.

FROM the circuit court of Montgomery county.

HON. J. T. DUNN, Judge.

Mrs. Howze, appellant, was plaintiff in the court below; Whitehead, appellee, was defendant there. From a judgment in defendant's favor plaintiff appealed to the supreme court.

Appellant's declaration alleged that she was the owner of a brick storehouse in the town of Winona, erected in 1868 by one Devlin and which was one hundred and twenty feet in length. This storehouse was just south of and adjoining another brick storehouse built by one Moore, eighty feet in length. In the construction of the Devlin house, the south wall of the Moore house was used as the north wall of the Devlin building as far as it extended, eighty feet, and for the other forty feet Devlin erected a new wall on the line of the south wall of the Moore building. Afterwards the Moore house was lengthened and this additional forty feet of new wall was used in the construction of the addition to the Moore building. Before 1902, Whitehead became the owner of the Moore storehouse building, and appellant, Mrs. Howze, the owner of the Devlin storehouse building. In 1902 fire destroyed the Moore building, a large part of the south wall falling. Appellant rebuilt this wall, appellee declining to pay a *pro rata* of the cost of same; but afterwards appellee used the rebuilt wall in rebuilding his storehouse without paying or offering to pay his *pro rata.* Mrs. Howze brought suit for the recovery of one-half the costs of rebuilding the party wall. Whitehead defended on the ground that an agreement was entered into between him and appellant, acting through one Acee, her agent, by which appellant agreed to build the wall and allow appellee the use of same as a party wall with-

out costs. Acee was dead at the time of the institution of the suit and Mrs. Howze denied authorizing him to enter into any such agreement, and any knowledge of his having done so.

*E. D. Stone* and *McClurg, Gardner & Whittington,* for appellant.

These houses, built by Moore and Devlin, had been separated by the same wall too long for either owner to gainsay the fact of its being a party wall, with all its incidents, and as a party wall can be repaired, Mrs. Howze had the right to repair this wall where it stood and Whitehead could not have prevented her from doing so, had he so desired. See statute on "Party Walls," chapter 99, Code 1892. Neither could Mrs. Howze force him to contribute to repair the wall if he did not desire to use it again. Under this state of affairs Mrs. Howze was forced to repair the wall at her own expense. Whitehead told her agent, Blackwell, that "he didn't need the wall then, and it would be some time before he ever would rebuild.' Then this party wall, as to the price of repairs, was in even a better position for Mrs. Howze than would have been the original erection of a party wall, as provided by Code 1892, § 3139. By that section a party erecting a wall on the line dividing his lot from another, the adjoining owner desiring to use the wall, can do so by paying, but shall not use the wall before he pays, etc. The question of party walls is settled by long usage and Mrs. Howze repaired the party wall, with the knowledge of defendant, and after he had refused to contribute. About three and one-half years afterwards defendant joined to and used the party wall, without paying half of the repair bill. Now under the law on party walls, Code 1892, ch. 99, he would have been liable for his share of the cost of the building a new wall on the dividing line when he began to use it. In all common sense and justice why is he not liable to contribute a share of the repair bill?

There can be no question in the law as to his liability on the above grounds, unless it is avoided by something else. This seemed to be unquestioned in the trial court and the defendant

tried, successfully in that court, to escape paying his share of the repair bill by alleging a contract made with one Acee, whom he alleged was agent for the plaintiff, Mrs. Howze, in which it was provided that in consideration of his allowing Mrs. Howze to rebuild the wall, on the same site as before the fire, he was to be allowed to join to and use the wall, when he so desired, without cost. The agency of Acee in any capacity at or about the time of the making of the alleged contract was denied by the plaintiff.

On the question of the agency of Acee, we are entitled to a peremptory instruction that it did not exist because all of the evidence tending to prove it and all of the inferences to be naturally drawn from it, fail to maintain the existence of the agency. *Swan v. Liverpool, etc., Ins. Co.,* 52 Miss. 708.

*McLean & Rowe,* for appellee.

Counsel for appellants, in their brief, overlook one fundamental principle of law in connection with the case at bar, and that is, that an easement in a party wall ceases when the houses attached to the wall, or either of them are destroyed. This short record shows that the wall between the houses of appellant and appellee, before the fire, was standing wholly upon the ground of the appellee, but that by long usage the wall had become a party wall. This is the theory running through the declaration filed in this cause, as the court may easily determine by a perusal of the same.

The conduct of Mrs. Howze in building the new wall in the same spot occupied by the old wall, that is, wholly on the ground of Whitehead, should be literally construed in favor of a ratification or adoption of the acts of her agent.

Argued orally by *E. D. Stone,* for appellant and *George A. McLean,* for appellee.

CALHOON, J., delivered the opinion of the court.

We are unable to see in the record any valid reason why Whitehead is not liable at law for contribution to the expense

of the erection by Mrs. Howze of a party wall. Whitehead joined in the party wall, having previously declined contribution on the sole ground that he did not then desire to rebuild and did not know when he might so desire, making no intimation of any right in him to join in the wall. This wall had been one hundred and twenty feet long. The Moore property adjoined one side of it for forty feet. This condition of things had been in existence for a great number of years. This forty feet of property was destroyed by fire and Mrs. Howze reconstructed that forty feet which joined her property and Whitehead's, being the Moore lot. Subsequently Whitehead used that party wall for his own purpose when he concluded to rebuild on his forty feet, and, having done so, he was liable to contribution toward the cost of that wall.

After divers pleas there was, at the trial, a plea to the effect that there had been a written agreement between Mrs. Howze, through her agent, one Acee, and Whitehead, that if he permitted the erection of that wall on the spot where it had stood for so many years he should not be called on for contribution. In reference to this it is only necessary to say that there is no proof in this record which is at all sufficient in law that such agreement was ever entered into by Mrs. Howze, or by her authorization. In point of fact, it is shown that Acee, now dead, who is alleged to have been the agent of Mrs. Howze, was not in the state when the agreement was said to have been entered into. The agreement could only be established by showing authority from Mrs. Howze to Acee to make it. It surely could not be presumed that he had any power from her in reference to real estate transactions because he had been collecting rents for her from the tenants of houses under lease. Mrs. Howze specifically denies any such authority to Acee.

Whatever hardship may be entailed by the result in this case, we are satisfied that under the law the judgment should be reversed and remanded.

*Reversed.*