DAHNKE-WALKER MILLING Co. *v.* T. J. PHILLIPS & SONS.

[78 South. 6, Division B.]

1. SALES. *Order. Acceptance.*

An order for meal conditioned on acceptance by the seller is not binding on the seller where he refuses to accept.

2. PRINCIPAL AND AGENT. *Powers of agent. Compromise.*

A selling agent in the absence of evidence to the contrary is not empowered to compromise; ordinarily such an agent is supposed to be employed to contract a sale, and has no implied power once this is done either to undo or to modify the contract.

APPEAL from the circuit court of Chickasaw county. HON. J. L. BATES, Judge.

Suit by the Dahnke-Walker Milling Company against T. J. Phillips & Sons. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Joe H. Ford,* for appellant.

*R. H. Knox,* for appellee.

COOK, P. J., delivered the opinion of the court.

The appellant sold to the appellee two hundred barrels of flour to be delivered in the month of February, 1910. The contract was evidenced by a written order and the acceptance thereof by appellants. This order was mailed by the traveling salesman of appellants and accepted by the appellants. The order is as follows:

"Order No. 77.                    Date 1/13/1910.

"Dahnke-Walker Milling Company. Union City, Tennessee.

"Ship to T. J. Phillips & Sons, at Houlka, Mississippi.

"How ship: ———. When: Feb. delivery. 200 bbls. B. of N. City, at ................................... $6.85

"Specifications furnished later.

"Less freight.

"Conditions.—This order subject to acceptance of, and to terms made by the Dahnke-Walker Milling Company. Shipments subject to unforeseen circumstances over which we have no control. This order not subject to cancellation. No other conditions to be considered unless herein specified.

"Buyer:      [Signed]    T. J. PHILLIPS & SONS.

"Salesman:   [Signed]    C. W. WOODWARD."

On February 23rd the appellees wrote the following letter to appellant, viz.:

"T. J. Phillips.        E. E. Phillips.        Leo Phillips.
            "T. J. Phillips & Sons,
"Dealers in Dry Goods and Groceries.   Cotton Buyers.
                "Houlke, Miss., Feby. 23, 1910.
    "Dahnke-Walker Milling Co., Union City, Tenn.—Gentlemen: Please do not ship us this flour. Can't pay for it.
    "Yours,            T. J. Phillips & Sons."

Appellant refused to accept the cancellation of the order, and was forced to sell the flour at a loss of one hundred and ten dollars, and suit was instituted to recover the loss.   The case reached the circuit court on appeal from the justice of the peace court.

Two defenses were made in the circuit court.   The defendants, appellees, pleaded as a set-off a failure on the part of appellant to ship to them a carload of meal which it had contracted to ship at a stipulated price, and because of a breach of this alleged contract they lost profits sufficient to offset the claim sued on.   The other defense was that the traveling salesman of appellant entered into a written contract with appellees whereby it was agreed that in consideration of the defendants releasing all claim for damages on account of appellant's breach of contract to ship the meal appellant would release its claim for damages on account of defendants' refusal to pay for the flour.

At the conclusion of the evidence the plaintiff requested a peremptory instruction directing the jury to find for the plaintiff, which was refused by the court.   In our opinion, the peremptory instruction asked by the plaintiff should have been given.

It appears that the order given for the meal was precisely in the same language as the order for the flour, in which the appellants were given or reserved the right to accept the order or reject the same.   In other words, by the terms of the order appellants were not bound until they had accepted the contract, and it also appears that appellant declined to accept the order for the meal.

But it is said that the traveling salesman of appellant compromised or settled the claim which is the subject of this suit. It appears to be the settled law in all jurisdictions that the authority of the agent to bind his principal rests upon the powers conferred upon him by his principal. We think that it is fundamental that a selling agent, in the absence of evidence to the contrary, is not empowered to compromise. '

"Ordinarily such an agent is supposed to be employed to contract a sale, and has no implied power, once this is done, either to undo or to modify the contract." 31 Cyc. 136, D.

We gather from this record that the traveling salesman in this case was furnished with blank forms upon which orders were taken and signed by the buyer, in which form was written a reserved power to the principal to reject the order, which was done in the meal order the salesman transmitted to his principal.

The settlement or compromise relied on by appellees, in the absence of proof, was not within the powers delegated to selling agents, and no such proof appears in the record. There was nothing to go to the jury; the peremptory instruction was strictly in order.

This is aside from the fact that the alleged written compromise or settlement was not produced, nor was its loss accounted for.

Reversed, and judgment here for appellant.

*Reversed.*