## W. T. RALEIGH Co. *v.* DENHAM ET AL.

[81 South. 118, Division A.]

1. GUARANTY. *Discharge of guarantors. Estoppel.*
   Where, in a suit by a creditor against a debtor and his guarantors, there was evidence that the agent of the creditors told the debtor that his books of account were his and advised him not to turn them over to the guarantors, such evidence did not show that the legal rights of the guarantors were prejudiced, nor that they were misled by such evidence nor in such case was there any element of fraud or estoppel shown.

2. PRINCIPAL AND AGENT. *Proof of agency. Admissions of agent.*
   Agency cannot be established alone by the admission of the agent.

APPEAL from the circuit court of Jones county.

HON. PAUL B. JOHNSON, Judge.

Suit by W. T. Raleigh Company against E. O. Denham and others. From the judgement rendered, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Shannon & Schauber,* for appellant.

*Deavours, Hilbun & Deavours* and *Jeff Collins,* for appellee.

Sykes, J., delivered the opinion of the court.

The appellant, a foreign corporation, sued appellees, W. D. Thomas, E. P. Denham, and R. L. Williams, upon their written guaranty whereby they obligated themselves to pay appellant any balance due it by J. J. Touchstone, as shown by the books of appellant at the date of the acceptance of the guaranty; and, second, to pay the appellant company any and all indebtedness incurred under the terms of the contract between appellant company and said Touchstone. The consideration of the contract was the extension of further time to Touchstone in which to pay his account for goods previously sold him by appellant, and extending to him further credit in the purchase of other goods. The contract of guaranty also contains other terms not necessary to be set out.

The declaration contained two counts. The first count alleged a default in the payment by Touchstone and that there was due and unpaid to appellant the sum of seven hundred and twenty-two dollars and twenty-five cents. The appellees, to this court, filed a plea of the general issue and gave notice thereunder, among other things, that appellant sent a collecting agent to interview Touchstone and the guarantors, and that these parties had a conference in which this agent stated to appellees that he had checked over the books of account of Touchstone, and they were in good condition, and there were solvent accounts aggregating one thousand, two hundred dollars; that appellees (defendants) requested Touchstone to turn over to them these accounts, in order that they might collect a sufficient amount to pay the debt due appellant (plaintiff); that Touchstone

agreed to this proposition, but that the agent of plaintiff, with the intent and purpose to prevent defendants from realizing anything from these accounts, persuaded and induced Touchstone to violate his agreement with defendant, and to take away his books of accounts, and refused to let these defendants protect themselves by collecting same; that Touchstone and the agent of plaintiff left with these accounts, and afterwards plaintiff sent another collector through the country and collected many of these accounts; that the plaintiff retained the entire proceeds from these collections and failed and refused to credit the account of Touchstone with the amount so collected; that this conduct of the agent of plaintiff was a fraudulent scheme, executed in order to defraud defendants, and prevent them from protecting themselves by the collection of these accounts.

On the trial of the case plaintiff introduced testimony to show that the balance due and remaining unpaid on the account of Touchstone was the amount sued for; that they had notified the defendants of this fact, and that the defendants had declined to pay same; that they had not collected any money through any agents, and that there were no credits due on the account, further than those which they had allowed; that all the payments they had ever received were made by Touchstone; that they sent an agent to try and collect the balance of the accounts due; that this agent discussed the matter with Touchstone and with the guarantors; that nothing was paid him at the conference; that Touchstone had his books of account with him at the conference, but did not turn them over to plaintiff's agent; that after the conference this agent left the county. This agent testified that in the conference the guarantors requested Touchstone to assign over to them his books, but that Touchstone refused to do so; that Touchstone then took the books with him and returned to his place of residence.

The testimony of the defendants relating to this conference is, in brief, that they requested Touchstone to assign and turn over to them his books of account, which showed a balance due him from various and sundry people of about one thousand and two hundred dollars; that Touchstone at first seemed willing to do this, but that the agent of appellee stated to him that the books belonged to him (Touchstone), and not to turn them over to the guarantors; that during the conference the books were in the possession of Touchstone a part of the time, and in the possession of the agent of appellant a part of the time. No witness testifies that the agent of appellant kept these books after the conference. In fact, the just inference from all the testimony is that Touchstone kept his own books. Testimony was introduced, also, for the defendants, to the effect that a stranger came into the county some weeks later, and stated that he was collecting accounts for the appellant company. It is not shown by any other testimony, save this admission of the alleged agent, that he was the agent of appellant company; neither is it shown that he actually collected one dollar of these accounts of Touchstone.

At the conclusion of all the testimony a peremptory instruction was requested by the appellant and refused by the lower court.

The appellees claim that the conduct of the agent of the appellant in the conference estops the appellant from suing these guarantors for the balance due on this account. This testimony, however, amounts to no more than that the agent of appellant advised Touchstone that the books of accounts were his, and not to turn them over to the guarantors. The legal rights of the guarantors were not prejudiced, neither were they misled, by this advice. There is no element whatever of fraud or of estoppel shown here.

As to the alleged agent of appellant attempting to collect these accounts, aside from the fact that agency

cannot be proven alone by the admission of the agent, there is no testimony whatever to show that this alleged agent collected one cent of these accounts.

There was no testimony introduced in the lower court to show any legal defense to this suit, and the peremptory instruction requested by the appellant should have been granted.

Reversed, and judgment will be entered here in favor of appellant.

*Reversed, and judgment here.*