## J. B. COLT CO. *v.* BLACK.*

(Division A. Nov. 29, 1926.)

[110 So. 442.  No. 25985.)

1. PRINCIPAL AND AGENT. *Compromise settlement by agent is no defense, in absence of showing of agent's authority to make compromise without approval of principal.*

Alleged compromise settlement of notes with agent for holder does not constitute a defense to a suit on notes, in absence of proof of agent's authority to make compromise agreement without approval of principal.

2. Principal and Agent. *One asserting compromise settlement of indebtedness with creditor's agent has burden of showing agency and agent's authority.*

One asserting compromise settlement of indebtedness by agent for creditor has burden of proving, not only fact of agency, but authority of agent to make compromise agreement.

---

*Corpus Juris-Cyc. References: Agency, 2 C. J., p. 634, n. 6; p. 926, n. 37; p. 927, n. 45.

Appeal from circuit court of Attala county.

Hon. W. W. Magruder, Special Judge.

Suit by the J. B. Colt Company against W. H. Black. Judgment for defendant, and plaintiff appeals. Reversed and judgment rendered.

*J. D. Guyton,* for appellant.

It was manifestly improper for the trial court to overrule the objection to questions which presupposed that Mr. Mathis was a general agent of J. B. Colt Company. The objections challenged his authority and demanded proof thereof. The same is true both as to the receipts and alleged compromise settlement and the contents of the checks. See Jones on Evidence, Civil Cases (3rd Ed.), section 356; *Riechman-Crosby Co.* v. *Dinwiddie,* 117 Miss. 103, 77 So. 906; 2 C. J., Agency, section 665. To the same effect is *Howze* v. *Whitehead,* 93 Miss. 578, 46 So. 40, 2 C. J., Agency, section 670.

Evidence shows that Mr. Black actually knew that Mathis was only a collector. Yet the trial court permitted Mr. Black to testify over the objection that he paid this money to Mathis in full settlement. The appellee utterly failed to meet the burden of proof resting upon him to show the authority of Mr. Mathis to make a com-

promise settlement; and, therefore, all his testimony tending to show such a settlement with Mr. Mathis was incompetent.

The trial court should have given the peremptory instruction. The evidence shows that F. D. Mathis was a collecting agent only. Manifestly, any defects in the apparatus could not here be availed of as a defense under the ruling in *Colt Co.* v. *Kelly,* 107 So. 757, it not being shown that any defects were discovered after giving the note sued on.

The appellant asks that this cause be reversed and judgment here for one hundred twenty-nine dollars with eight per cent interest from January 3, 1923.

*J. G. Smythe,* for appellee.

The trial court committed no error in the trial of this cause. It was purely a question of facts between the parties; the court very properly submitted it to the jury, it decided against appellant; and he cannot successfully complain.

*Colt* v. *Kelly,* 107 So. 757, cited by appellant is not applicable here. That was on a plea of breach of warranty, while this case is on a settlement in full. It makes no particular difference what moved the agent to make the settlement, whether he thought Black had a bad light plant, or whether he thought Black could not be made to pay and, therefore, he had better settle. The question submitted was: Did he settle? We submit from the evidence in the case that the agent did settle and that Colt Company is bound by his settlement.

The appellee did not rely on the statements of Mathis to establish his agency. All of his actions, together with the statements of Albert Fortman, witness for the appellant, establish Mathis' authority and agency. We know of no better rule of law as to this question than that announced in —— R. C. L. 820.

COOK, J., delivered the opinion of the court.

This suit originated in a justice of the peace court, and was founded on a promissory note executed by the appellee on January 3, 1923, in favor of the appellant, for a balance of one hundred twenty-nine dollars due on the purchase price of a lighting plant. On August 18, 1919, the appellee purchased from appellant a lighting plant, and executed a note for two hundred ninety-nine dollars and forty-five cents, the purchase price thereof. There were various payments and credits on this note which reduced it to one hundred thirty-nine dollars, and, on May 12, 1922, the appellee executed a renewal note for that sum. On this renewal note, the appellee paid the accrued interest, and ten dollars on the principal, and, on January 3, 1923, executed a second renewal note for the sum of one hundred twenty-nine dollars, the balance then due, and it is upon this second renewal note that this suit is based. There was a judgment in favor of the defendant in the court below, and from this judgment this appeal was prosecuted.

The appellee testified that he made a compromise settlement of this indebtedness with one Frank D. Mathis, a collector representing the appellant company, and paid to this collector the sum of forty-nine dollars and fifty cents in full settlement of the note, and he produced and offered in evidence a receipt for nine dollars and fifty cents, and also a receipt for four post-dated checks, amounting to forty dollars, on which latter receipt was written the words, "Temporary receipt in full. To be followed by regular receipt direct from the company." These receipts were signed, "Frank D. Mathis, in Individual Capacity." For the appellant, the testimony, was to the effect that no part of the forty-nine dollars and fifty cents paid to the collector, Frank D. Mathis, was ever reported to, or received by, the appellant; that the said Frank D. Mathis was employed by the appellant company as a collector, and had authority to receive collec-

tions and give a temporary receipt therefor, but that he had no authority to compromise a claim, or to give any receipt for the full settlement of an account, when less than the full amount of the account was received, unless the proposed compromise or settlement was approved by the company.

In order for the appellee to avail himself of the purported compromise of this indebtedness, he had the burden of proving, not only the fact of Mathis' agency to collect the claim, but also the authority of this agent to make a compromise agreement to accept in settlement of the claim less than the full amount thereof. 2 C. J. 665 and 690; *Howze* v. *Whitehead,* 93 Miss. 578, 46 So. 401. There is no sufficient proof in this record to show that the agent had any authority to make any compromise settlement of the claim without the approval of his principal, and, for this reason, the judgment of the court below will be reversed. In the court below, the appellant requested that the jury be peremptorily instructed to find in its favor for the sum sued for, with interest, less the sum of forty-nine dollars and fifty cents to be credited as of the date of its payment. We think this instruction should have been granted, and, consequently a judgment for appellant will accordingly be entered here.

Reversed, and judgment for appellant.

*Reversed.*