W. T. RALEIGH Co. *v.* FORTENBERRY *et al.**

(Division A.   Nov. 7, 1927.)

[114 So. 393.   No. 26603.]

PRINCIPAL AND AGENT. *Creditor's letter to guarantors authorizing its agent to adjust claim against guarantors did not confer authority to release guarantors from liability.*

Where original contract between seller and buyer obligated seller to take back for credit merchandise remaining in buyer's hands after termination of contract, letter from seller to guarantors of buyer authorizing seller's agent to adjust account with buyer and

his guarantors *held* not to confer authority to release guarantors from liability under their contract, but merely conferred authority to determine amount due under terms of contract.

*Corpus Juris-Cyc. References: Agency, 2CJ, p. 652, n. 94; p. 653, n. 6, 8; p. 654, n. 14.

APPEAL from circuit court of Neshoba county.

HON. C. E. JOHNSON, Special Judge.

Suit by the W. T. Raleigh Company against H. L. Fortenberry and others. Cause dismissed as to defendant named. From a judgment for the other defendants, plaintiff appeals. Reversed and judgment rendered.

*H. L. Austin* and *D. C. Enochs,* for appellant.

J. L. BYRD, for appellees.

COOK, J., delivered the opinion of the court.

The appellant, W. T. Raleigh Company, a corporation, filed this suit against H. L. Fortenberry for a balance of the purchase price of certain merchandise previously sold and delivered to the said Fortenberry, in pursuance of a written contract, and also against E. S. Richardson, W. D. Germany, and H. D. Bassett, the present appellees, as guarantors of the said Fortenberry under the terms of a written contract of guaranty. The cause was dismissed as to Fortenberry, who was not served with process, and there was a verdict and judgment in favor of the three guarantors, and from this judgment this appeal was prosecuted.

This is the third appeal of this cause to this court, the opinion on the first appeal being reported in 133 Miss. 467, 97 So. 722, and that on the second appeal in 138 Miss. 410, 103 So. 227. A copy of the declaration and of the contract between appellant and Fortenberry and the contract of guaranty is set out in full in the opinion of this court on the second appeal. An itemized state-

ment of the account between appellant and Fortenberry verified by proper affidavit, was filed as an exhibit to the declaration, and upon the last trial of the cause in the court below it was submitted to a jury upon a plea of the general issue and a plea of release of the said guarantors from all liability on the contract of guaranty. The appellants offered testimony to establish Fortenberry's liability, while the appellees testified, as shown by a bill of exceptions setting forth testimony, that they received a letter written on the stationery of the appellant company, signed W. T. Raleigh Company, by some one whose name they had forgotten, stating that C. L. Evans would call on them at Philadelphia, Miss., for the purpose of adjusting the account of the company with Fortenberry and his guarantors; that shortly thereafter C. L. Evans did come to Philadelphia, Miss., representing the W. T. Raleigh Company, and took up the merchandise which Fortenberry had purchased from the appellants and still had on hand, and then executed and delivered to the said guarantors a written release of all liability on their contract of guaranty; that the defendant H. D. Bassett took this release to his home and placed it, together with the letter testified about, among his private papers and the release and letter were destroyed by fire when Bassett's home was burned. The defendant Bassett also testified that the said C. L. Evans requested that Fortenberry's book of accounts be turned over to the appellants, and that he turned the same over to Evans. As a witness for the appellant, C. L. Evans denied that he executed any such release or that he had any authority to release the appellees from their liability to appellant, and two officers and employees of the appellant company testified that Evans had no authority to release the appellees, and the only evidence tending to establish such authority was the alleged letter hereinbefore mentioned.

Counsel for the appellees concede that the mere fact that a letter signed W. T. Raleigh Company, by some unnamed person, would not be sufficient to establish the

authority of Evans, but it is contended that this letter, together with the fact that, shortly after the receipt thereof by appellees, Evans appeared at Philadelphia and took up the merchandise testified about and returned it to appellant and proper credit was given therefor, and that he also took up the book of accounts and undertook to release the appellees from further liability, was sufficient to warrant the jury in finding that the letter was written by a duly authorized agent of the appellant. Conceding for the purpose of this decision only that this contention is correct, we are still of the opinion that the letter was insufficient to show that Evans had authority to release the appellees from liability for the amount due the appellants by Fortenberry.

The letter only authorized Evans to adjust Fortenberry's account or the claim against the guarantors. It does not appear that there was any controversy between the appellant and the appellees as to their liability for the amount due appellant by Fortenberry, prior to the receipt of this letter. In fact, the course of the trial in the court below shows that the only specific defense to their liability was based upon an alleged release executed in pursuance of authority granted by this letter. The original contract with Fortenberry obligated the appellant to take back, after the termination of the contract, all merchandise of its manufacture then on hand that was in salable condition, and to credit Fortenberry's account with the current wholesale price of such returned merchandise. In view of this obligation, the ultimate amount that the appellees would be required to pay to discharge their guaranty contract was uncertain, and we think the authority conferred by this letter to adjust the account conferred authority to settle and determine the amount due under and in accordance with the terms of the contract, but did not confer authority to release the appellees from liability under their contract.

At the conclusion of the testimony the appellant requested that the jury be peremptorily instructed to re-

turn a verdict in its favor for the sum sued for, with interest, and we think this instruction should have been granted. The judgment of the court below will therefore be reversed, and judgment will be entered here in favor of appellant.

Reversed, and judgment for appellant.

*Reversed.*