HARDIE & ELLIS REALTY CO., INC., *v.* McDARIS.*

(Division A. March 26, 1928. Suggestion of Error Overruled June 11, 1928.)

[117 So. 254. No. 26895.]

*Corpus Juris-Cyc. References: Agency, 2CJ, p. 858, n. 72.

*Gardner, Brown & Morse,* for appellant.

*Leathers & Sykes,* for appellee.

McGowen, J. Mrs. McDaris, the appellee, filed a bill in equity to cancel a contract for the purchase of certain lots, a deed executed in pursuance of the contract, and a trust deed executed by her securing the deferred payment on the contract for said lots. The cancellation of the entire contract was sought on the ground that an agent of the appellant, one Steen, had made certain representations which were false, the main representation being that the appellant, the realty company, intended to raise the lots eighteen inches. She visited the lots in question accompanied by Steen.

The record in this case shows, beyond cavil, that Steen had no authority to make any statement for the realty company. The deal was closed between the appellee, Mrs. McDaris, and the vice president of the appellant

company, Steen introducing the parties. The contract was in writing, and, at the time of making it, she did not call attention to the representations upon which she now relies. Subsequently, she had the contract changed so as to make monthly payments; the changes were made in accordance with her wishes, but she made no statement at that time in reference to the representations, nor about having same incorporated in the written contract. Later, she received the deed and executed the trust deed, still not requesting that the agent's representations be incorporated in the contract. Shortly before the delivery of the deed and the execution of the trust deed by her, she was advised by Steen that the grade of the lot would not be raised, and subsequently she called the vice president's attention to the representation of the agent, whereupon he laughed. She closed her deal, and again changed her plan for making payments, this time from monthly payments to deferred notes, paying several hundred dollars cash, and never made any complaint of Steen's representations until real estate had declined in that vicinity and her notes became due. Then she declined to pay the notes, and obtained a temporary injunction against the foreclosure of the trust deed.

The appellant, in its answer, denied that the representations had been made, or that the representations in law constituted fraud; and denied the rights of the agent to make any statement to bind the company. The record clearly shows that the only authority the agent had, was to introduce prospective buyers to the seller; that all the terms of the contract were to be made between the principals to it—and, in the instant case, this was done. The defendant, the appellant, filed a cross-bill seeking to foreclose on the trust deed in a court of equity, and the court below made perpetual the injunction, canceling the entire contract and all instruments mentioned above, and dismissed the cross-bill.

Pretermitting the question of whether or not these statements of the agent were false representations or mere false promises, it is patent that the representation, if made by the agent, was beyond the scope of his employment, and is not binding upon the principal, the appellant company. Steen was a mere broker, and had no direct contract with the realty company; and this record discloses that no one had a contract to close any deal for the appellant, the realty company. It employed an agency by written contract which disclosed that an agent's authority was limited to bringing prospective purchasers and owners together, so that the principals and purchasers might make their own contract. There was no ratification of this alleged representation made by Steen; on the other hand, the appellee, Mrs. McDaris, executed a new contract and paid additional money after she knew that the appellant company had repudiated the statements of Steen, the alleged agent.

This case is ruled by the *Gulf & Mississippi Coast Traction Co.* v. *Faulk,* 118 Miss. 894, 30 So. 340; *Milling Co.* v. *Phillips & Son,* 117 Miss. 204, 78 So. 6; *Becker Co.* v. *Clardy,* 96 Miss. 301, 51 So. 211, Ann Cas. 1912B, 355; and many other cases from our court. The court below erred in canceling the contracts. The representations, if made by the agent Steen, were entirely beyond the scope of authority vested in him—in fact, he had no such authority—and the appellee knew that she was dealing direct with the principal when entering into the contract, as frequent changes were made in the manner of payment, and she permitted the contract, as written, to rest until her notes became due and the property was declining. The court below should have dissolved the injunction on the cross-bill, and directed a foreclosure under the trust deeds for the balance due on the lots if not paid within a reasonable time. We therefore reverse the case and remand it to be proceeded with in accordance with this opinion.

*Reversed and remanded.*