McCaskey Register Co. *v.* Swor *et al.*

(Division B. May 20, 1929.)

[122 So. 489. No. 27708.]

*Welch & Cooper,* of Laurel, for appellant.

ANDERSON, J., delivered the opinion of the court.

Appellant brought this action in the circuit court of Smith county against appellees to recover the balance of the purchase price of a cash register theretofore sold by appellant to appellees. The trial resulted in a verdict and judgment for appellees, from which judgment appellant prosecutes this appeal.

Appellees defended the action upon the ground that there had been a novation of the obligation sued on, by the terms of which novation appellant had released appellees from the obligation and accepted in their stead one G. C. Stringer. To establish that defense, the evidence tended to show the following facts:

Appellees were doing business at Mize, under the name of Mize Motor Company, and brought from appellant, through its traveling salesman, M. J. McCool, a cash register. The sale contract was evidenced by a written order signed by appellees, which order recited that it was subject to the approval of appellant, and a note for the purchase money. Some months after the purchase of the cash register, appellees sold out the business of the Mize Motor Company to G. C. Stringer, and among the assets sold to Stringer was the cash register in question. It was agreed between appellees and Stringer that the latter would pay appellant the balance due on the cash register, and this agreement was a part of the consideration which Stringer agreed to pay appellees for the business and assets of the Mize Motor Company. Something like ten or fifteen days after that sale and transfer had taken place, M. J. McCool, traveling salesman of the appellant, appeared at Mize, and was informed as to the sale of the business of the Mize Motor Company to Stringer and the terms of the sale, including the fact that Stringer had agreed to pay appellant the balance due on the cash register. McCool agreed to the new arrangement and promised to have

appellant cancel and surrender to appellees their note for the unpaid purchase money, as well as the written order for the cash register. Appellant refused to confirm the novation made by McCool; on the contrary, it repudiated it by bringing this action.

The evidence showed that McCool was a mere traveling salesman, soliciting orders for cash registers for appellant, subject to its approval. It devolved upon appellees to show by evidence that McCool in making the new contract was either expressly authorized so to do by appellant, or was acting within the apparent scope of his authority. There was no such evidence in the case. Unless expressly authorized by his principal, a traveling salesman or "drummer" has authority only to solicit orders and transmit the same to his principal for approval. He cannot make an absolute contract of sale, and the authority of an agent cannot be proved by the mere statement of the agent. *Becker Co.* v. *Clardy,* 96 Miss. 301, 51 So. 211, Ann. Cas. 1912B, 355; *Cape County Sav. Bank* v. *Gwin-Lewis Grocery Co.,* 123 Miss. 443, 86 So. 275.

It follows from these views that the court erred in refusing appellant's request for a directed verdict.

Reversed, and judgment here for appellant.

*Reversed.*

On Suggestion of Error.

Griffith, J., delivered the opinion of the court.

Appellees filed no brief in this case and made no oral argument. They now appear, however, and file a suggestion of error. Attached to the suggestion of error are two affidavits, alleging that since the judgment in the trial court the case has been settled and that in this settlement there was an agreement that no appeal could be taken. This is the first time, and the only way in which, the alleged settlement has been brought to the attention of the court.

The court will rarely consider new points for the first time presented on a suggestion of error. *Eady et al.* v. *State* (Miss.), 122 So. 199, and, for the stronger reason, it will be a much rarer case when the court will entertain a suggestion of error presented on behalf of a party who filed no brief and made no argument on the original submission, and who, up to the time of the decision of the case on appeal, had paid no attention to the appeal. 4 C. J., p. 627, *et seq.*

When matters occur subsequently to the judgment which operate to waive the right of a party to have the judgment reviewed and these matters do not appear in the transcript of the record—and such matters would seldom properly so appear—the objection to the appeal must be raised by a plea in bar of the appeal; the said plea to be filed and prosecuted in this court, since it would go solely to the appeal. 4 C. J., p. 589; *Adams* v. *Carter*, 92 Miss. 578, 46 So. 59; *Farmer* v. *Allen*, 85 Miss. 672, 38 So. 38. And certainly the plea should be filed before submission; and no event occurs to us now as being sufficient to allow such a plea to be considered after decision has been rendered and judgment entered in this court on the merits of the appeal.

The substantial reasons for the foregoing rules of appellate procedure are so manifest as to require no comment.

*Overruled.*