MILLER *et al. v.* CULLIFER.

(Division B.    Feb. 9, 1931.    Suggestion of Error Overruled March 9, 1931.)

[132 So. 327.    No. 29204.]

D. W. Holmes and Anderson & Buchanan, all of Hatties-burg, for appellants.

Currie & Currie, of Hattiesburg, for appellee.

Argued orally by **Harry Buchanan**, for appellants.

**Anderson, J.,** delivered the opinion of the court.

Appellee brought this action against appellants in the circuit court of Forrest county to recover damages alleged to have been caused by a willful and malicious trespass on land which appellee claimed possession of by virtue of a lease from H. S. Stevens. There was a trial resulting in a verdict and judgment for appellee in the sum of eleven dollars actual damages and seven hundred fifty dollars punitive damages. From that judgment appellants prosecute this appeal.

Appellants were engaged in operating a show, commonly called a circus. They leased from H. S. Stevens twenty acres of land on which to locate and operate the circus. The lease contract was in writing. Thereafter H. S. Stevens leased to appellee the parking rights on the twenty acres of land during the operation of the show; appellee's lease contract was also in writing.

Appellee alleges in his declaration, and his evidence tended to sustain the allegations of the declaration, that appellants, without authority of law, willfully and maliciously interfered with and largely destroyed his rights under his lease contract, by tearing down certain fences he had erected, and driving away his intending customers, who desired to park their automobiles and other vehicles on the land leased by him for that purpose; thereby depriving him of a large amount of parking fees which he would have charged and collected from such customers.

Appellant's defense was that under its lease contract it had the exclusive right of the entire land covered by the lease, not only for the exhibition of its show, but as parking space for those attending the show.

From this statement of the issue between the parties it will at once be seen that the two lease contracts in question were probably of vital importance in the case.

At the opening of the trial appellee moved the court to require appellants to produce its lease contract. In response to the motion, appellants stated to the court that they did not have the contract in their possession there, at that particular time, and therefore could not then produce it. Thereupon H. S. Stevens, the lessor in both of the contracts, was introduced as a witness on behalf of appellee, and over the objection of appellants testified as to the contents of the lease between himself and appellants. Appellants assigned as error the action of the court in admitting this evidence.

We think appellant's contention is well founded. Appellee waited until too late to serve notice on appellants to produce the lease contract. They should have been given notice and reasonable time within which to produce it; or to show cause why they could not produce it. Without such notice and opportunity, secondary evidence of the contents of the contract was not admissible. For this error the judgment is reversed.

Reversed and remanded.