NEW HOME SEWING MACH. CO. *v.* MOODY.

(In Banc. Nov. 11, 1940.)

[198 So. 550. No. 34241.]

**W. A. Strong, Jr.,** and **H. E. McCully,** both of Louisville, for appellant.

**Rodgers & Prisock**, of Louisville, for appellee.

**McGehee, J.,** delivered the opinion of the court.

On August 18, 1938, the appellee purchased a number of sewing machines from the appellant, together with certain supplies therefor, under a written contract or purchase order delivered to B. E. Taylor, a traveling salesman, and thereby agreed to pay for said machines and supplies the sum of $493.88, with interest at six per cent per annum beginning sixty days from date of ship-

ment. This purchase order was thereupon forwarded to the appellant, New Home Sewing Machine Company of Rockford, Illinois, by its said traveling salesman for approval and acceptance. The order was accepted and the shipment made from the factory of the appellant on August 23, 1938. Thereafter, the goods were duly received by the appellee and placed in his store at Louisville, Mississippi, for resale in the due course of business.

It appears that a few weeks later, on an occasion when the traveling salesman again called at the appellee's place of business, and in the same capacity in which he had called at the time he received the order for the machines in question, the appellee gave him a check on the purchase price of said machines for the sum of $180, payable to the appellant, and that the check was forwarded by the salesman to the payee thereof and duly credited on the account. This check went to protest, and the traveling salesman later returned to the appellee's store and repossessed five of the machines, but did not account therefor to the appellant. Upon the trial, it was shown by the deposition of the credit manager of the appellant sewing machine company that the traveling salesman had no authority to repossess these machines on its behalf, so as to relieve the appellee of the payment of any part of the purchase price thereof; and that the extent of the authority of the said traveling salesman was to solicit orders for the machines and transmit the same subject to the approval and acceptance of the appellant, and for which the salesman received a commission on the sales price. The purchase order, as signed by the appellee and delivered to such salesman, expressly stipulated that there were no agreements or understandings between the salesman and the purchaser not contained in the written order, and that any statement, agreement or understanding, oral or written, not contained in the purchase order, should not be binding on the appellant. The appellee, however, relied upon a subsequent oral understanding between himself and the

traveling salesman at the time the machines were re-possessed, and whereby the salesman stated, after the check heretofore mentioned had been protested, that he had instructions to call and take up the machines and "straighten out" the account. The authority of the salesman to repossess the machines, and the giving of any instructions in regard thereto was expressly denied by the appellant, and the appellee undertook to make proof of the salesman's authority by showing that the salesman came to the store and asserted that he had such .authority, and exhibited some papers from the home office of the appellant, but which letter or papers the appellee did not read; nor did he know what they contained, except from what the salesman stated.

The testimony as to what the agent said out of court as to the fact of his agency and the extent of his authority in the premises was duly objected to, and the objection was overruled, the court below being of the opinion that the action of the salesman in receiving the check of $180 on the purchase price and sending it to the appellant to be credited on the account was sufficient to evidence the authority of the salesman as collector to adjust the account in the manner testified to. The peremptory instruction requested by appellant for the amount sued for was therefore refused, but judgment was rendered against the appellee for the amount sued for less $225 for the five machines which were repossessed by the salesman, and which were never returned to the appellant nor otherwise accounted for, as heretofore stated.

Where general authority·of a salesman is limited to soliciting and transmitting orders for goods to be shipped and delivered at a future date, the burden is upon the purchaser, who asserts the authority of the salesman to adjust the account for the purchase price, to prove that the salesman has such authority. The mere fact that a salesman, while making a call in that capacity, may have accepted from the customer a check to be applied on an

existing account, which is sent to the seller by the salesman to be so applied, does not of itself constitute the salesman an agent of the seller to collect the indebtedness. The purchaser makes him his own agent to transmit the payment to the seller, unless it is shown that the seller has authorized the salesman to call and make the collection. Fairbanks-Morse & Co. et al. v. Dale & Co., 172 Miss. 271, 159 So. 859. The seller had the right to accept appellee's check in its favor as payee when received at the home office and apply same on the account, without regard to whether it had been mailed to the seller by the appellee or by its own traveling salesman, on behalf of the appellee. Such action alone could not constitute any authority to the salesman to make any adjustment of the balance due or to repossess any part of the goods sold. W. T. Raleigh Company v. Fortenberry et al., 148 Miss. 604, 114 So. 393. In the case of Dahnke-Walker Milling Company v. T. J. Phillips & Sons, 117 Miss. 204, 78 So. 6, 7, the court said:

"But it is said that the traveling salesman of appellant compromised or settled the claim which is the subject of this suit. It appears to be the settled law in all jurisdictions that the authority of the agent to bind his principal rests upon the powers conferred upon him by his principal. We think that it is fundamental that a selling agent, in the absence of evidence to the contrary, is not empowered to compromise.

" 'Ordinarily such an agent is supposed to be employed to contract a sale, and has no implied power, once this is done, either to undo or to modify the contract.' 31 Cyc. 136, D.''

It was also held in the case of McCaskey Register Company v. Swor et al., 154 Miss. 396, 122 So. 489, 490, 753, that: ''Unless expressly authorized by his principal, a traveling salesman or 'drummer' has authority only to solicit orders and transmit the same to his principal for approval. He cannot make an absolute contract of sale, and the authority of an agent cannot be proved by

the mere statement of the agent. Becker Co. v. Clardy, 96 Miss. 301, 51 So. 211, Ann. Cas. 1912B, 355; Cape County Sav. Bank v. Gwin-Lewis Grocery Co., 123 Miss. 443, 86 So. 275.'' See, also, Wellford & Withers v. Arnold, et al., 162 Miss. 786, 140 So. 220; Ammons v. Wilson & Co., 176 Miss. 645, 170 So. 227.

Under the authorities above cited, the record fails to disclose that the salesman had authority to repossess any of the machines shipped by his employer to appellee, and discharge the liability for the purchase price thereof which had become fixed upon their delivery and acceptance.

We are therefore of the opinion that the peremptory instruction, on behalf of the appellant for the full amount sued for, plus six per cent interest for the period beginning sixty days from the date when the machines were shipped, should have been granted.

Reversed and judgment here for the appellant.