NATIONAL CASH REGISTER CO. *v.* GIFFIN.

(In Banc. March 9, 1942.)

[6 So. (2d) 605. No. 34881.]

McFarland & Holmes, of Aberdeen, and Rodgers & Prisock, of Louisville, for appellant.

558

W. A. Strong, Jr., of Louisville, for appellee.

**Roberds, J.,** delivered the opinion of the court.

On June 7, 1939, appellee, by written contract, agreed to purchase from appellant a cash register, the seller to retain title thereto, with right to repossess it upon default in payment by appellee, until the purchase price should be fully paid. On July 15, 1939, the register was delivered; appellee paid $15 cash and executed a promissory note for the balance of the purchase price, payable in monthly installments.

In February, 1940, no further payment having been made, appellant brought this action to recover a personal judgment for the unpaid purchase price and for seizure and sale of the register and credit of the proceeds of the sale on the judgment.

Appellee, in addition to the general issue, filed a special plea ". . . that the defendant compromised and settled this case with an authorized agent of the plaintiff whereby plaintiff was to receive the cash register and all payments made thereon by the defendant in consideration of releasing defendant from any liability on this contract."

Appellant denied such agency, compromise and settlement.

At the close of the trial the lower court directed a verdict for the defendant on the theory that the proof offered by him established his release from liability for the unpaid purchase price.

This appeal presents a number of questions but it is necessary that we consider only two of them.

One is the contention of appellant that appellee was erroneously permitted to establish the fact of agency and the authority of the supposed agent by the statements of the agent.

The question arises under these circumstances: Appellee testified that after the delivery of the register he was dissatisfied with it and so verbally informed one Hayes, who delivered it to him; that Hayes said he had no authority to adjust any such matter and suggested he write appellant, which he did, and that he received in reply a letter, written on the stationery of appellant, saying, in substance, it did not want dissatisfied customers, and would notify ''their representative in Mississippi'' to call upon him and settle the matter; that he thought the letter was signed by one Lowden, or Lowder, and ''it seems he was treasurer of the company''; that some two to three months thereafter Hayes appeared and said the company had sent him, and he and Hayes then orally agreed that Hayes would take up the register and release appellee from further liability on the debt, and appellee would lose the fifteen dollars he had paid on the price; that Hays would try to dispose of the register locally and until then is could remain at his place of business, where it was when this action was instituted. He did not produce a copy of his letter nor the original of the one he claimed to have received. He said he had lost the original letter.

It is not contended that Hayes had in his possession the purchase contract and the note. Nothing was said of their delivery to Giffin nor of the satisfaction of the recorded contract.

On the other hand, the proof shows, without contradiction, that one Williams had a contract with appellant vesting in Williams the right to sell cash registers in this territory, and that Hayes was his employee; he paid Hayes; Hayes had no connection whatever with appellant,

and at the time of the trial was not working for Williams; that the officer of appellant who had authority to settle controversies of this nature was the secretary of the company; that the treasurer had no authority in this respect whatever, and that Lowden, the person named by appellee as the one he thought wrote him the letter, and who had made affidavit to the account exhibited to the declaration, was the assistant treasurer, who had no authority to authorize any one to release appellee from his obligation, and that all settlements of disputes in the territory of Mr. Williams had to come, and be made, through him and his agency.

It will be noted that the supposed letter from appellant did not mention the name of any person who would call upon appellee. The identity of this person and his authority rested upon his verbal statements. The alleged letter from appellant did not connect him with this mission. He was not its Mississippi representative.

Having plead as an affirmative defense a settlement and release through an authorized agent the burden was upon appellee to show the fact of agency, adequate authority and the act of settlement and release. Cape County Sav. Bank v. Gwin Lewis Grocery Co., 123 Miss. 443, 86 So. 275; Colt Co. v. Black, 144 Miss. 515, 110 So. 442; McCaskey Register Co. v. Swor, 154 Miss. 396, 122 So. 489, 753; New Home Sewing Machine Co. v. Moody, 189 Miss. 628, 198 So. 550.

Hayes, even though he had been an employee of appellant in taking the order for this register, had no authority to settle this controversy, unless expressly authorized in this particular case. This is true although he possessed, at the time, the power to consummate this sale, but, in this case, the order expressly provided it had to be passed upon and accepted by the corporation at Dayton, Ohio, and it was practically a month before this was done. Dahnke-Walker Milling Co. v. T. J. Phillips & Sons, 117 Miss. 204, 78 So. 6; McCaskey Register Co. v. Swor, supra; New Home Sewing Machine Co. v. Moody, supra.

Neither the fact of agency, nor the authority of the agent, could be thus proved by the statements of the supposed agent. Rawleigh Co. v. Denham, 119 Miss. 406, 81 So. 118; Cape County Sav. Bank v. Gwin Lewis Grocery Co., supra; Raleigh Co. v. Fortenberry, 148 Miss. 604, 114 So. 393; New Home Sewing Machine Co. v. Moody, supra; Byrd v. Anderson-Tully Co. et al., 6 So. (2d) 319, decided by this court February 23, 1942, not reported in [State] Reports.

Under the foregoing facts and rules the testimony of Giffin as to what Hayes said and did was inadmissible.

The second question is the contention of appellant that oral evidence of the contents of the letter supposedly written by appellee to the home office at Dayton, Ohio, was incompetent because the letter, if such existed, was the best evidence of its contents, and secondary evidence thereof was incompetent because no notice or opportunity had been given appellant to produce the original letter. No plea of appellee mentioned such letter and the first time it was mentioned was when appellee took the stand as a witness after appellant had rested its case. Counsel for appellant objected to introduction of this secondary evidence. This letter, under the circumstances here, was vital to the affirmative defense of settlement and release of appellee. Oral evidence of its contents was inadmissible in the absence of timely notice to appellant to produce the original letter and failure so to do. Baldridge v. Stribling, 101 Miss. 666, 57 So. 658; Kanson Hat & Cap Mfg. Co. v. J. D. Blakeney & Son, 142 Miss. 851, 108 So. 139; Miller v. Cullifer, 159 Miss. 712, 132 So. 327; Aetna Life Ins. Co. v. Thomas, 166 Miss. 53, 144 So. 50, suggestion of error overruled, 146 So. 134; Citizens Bank v. Callicott, 178 Miss. 747, 174 So. 78; 20 Am. Jur., p. 395, sec. 442.

Reversed and remanded.