THE J. R. WATKINS COMPANY *v.* WELBORN, et al.

No. 42206          February 26, 1962          138 So. 2d 296

528

*Henley, Jones & Henley,* Jackson, for appellant.

*Gartin & Hester,* Laurel, for appellees.

Rodgers, J.

The appellant, The J. R. Watkins Company, filed a suit in the Second Circuit Court District of Jasper County, Mississippi, against Homer O. Welborn and Mr. and Mrs. W. B. Moore, in which it was alleged that The J. R. Watkins Company sold certain merchandise under a written contract to Homer O. Welborn, and that Mr. and Mrs. Moore signed the contract as guarantors of the credit of Mr. Welborn, a copy of which is attached to the declaration. It was alleged that there was then due The Watkins Company the sum of $1,484.-15, for which defendants were jointly liable. After many dilatory pleas had been filed and overruled, — or plaintiff had amended the declaration to comply with the ruling of the court, — the defendants filed a joint answer, in which it was admitted that the account was correct, but that defendants did now owe it because, First, the statute of limitations had run against the account, and, Second, the defendants filed a counterclaim alleging a cause of action against plaintiff in the sum of $1,000, plus interest, which is alleged to have become due Homer O. Welborn from The Watkins Company because it is said The Watkins Company, acting through certain agents, induced Mr. Welborn to enter into the written contract attached to the declaration, by promising the debtor that The Watkins Company would pay him $26.25 per month, providing he became disabled while selling their products, and that he had become disabled while selling these

products. It is also alleged that The Watkins Company advised the debtor that disability benefits would be provided by an insurance company. The defendant-debtor testified that he notified The Watkins Company of his disability, and would have furnished proof of loss but they denied any knowledge of any disability benefits due him. An insurance policy with the Metropolitan Life was filed as an exhibit to Mr. Welborn's answer and counterclaim.

Plaintiff filed a demurrer to the counterclaim alleging that the counterclaim and the exhibit show that if debtor has any cause of action it is against the Metropolitan Life Insurance Company and not against The J. R. Watkins Company. The demurrer was overruled and The Watkins Company filed an answer to the counterclaim. It denied that the debtor was entitled to recoupment, and denied that it was indebted to Mr. Welborn in the sum of $1,000. The answer then affirmatively alleged that the Metropolitan Life Insurance Company furnished a group policy to persons under contract with The J. R. Watkins Company for health and accident, and that Mr. Welborn voluntarily participated in such plan, accepted the contract and held it for a period of more than ten years and was therefore estopped to assert any claim against The Watkins Company. The Watkins Company also pled that since it was alleged that the insurance contract was an oral one that any cause of action that accrued to the counterclaimant originated prior to August 26, 1952, and is barred by the three-year statute of limitations.

The case came on for trial, a jury was empaneled, and a deposition of E. J. Sievers, vice president of The Watkins Company, which had been taken by agreement, was introduced, together with the contract of Mr. Welborn and The Watkins Company. Homer O. Welborn, testifying in his own behalf, stated that the account filed by The Watkins Company was correct. He stated

that Mr. Bucklew and Mr. Kellum came to his house and told him that they were representatives of The Watkins Company, one being state and one district, which was in the early part of 1947. He testified that the agents told him that The Watkins Company would furnish him a group insurance policy, as follows:

"Well, they said if I died while I was in the employ of The Watkins Company and owed them anything, they would get a thousand dollars. If I didn't owe The Watkins Company nothing, my wife would get a thousand dollars. Q. Did they also tell you anything about any disability benefits? A. Yes, sir. They told me if I got disabled to go while in their employ, the policy would pay me $26.00 per month for 40 months. If I owed them it would go to the company, if I did not it would go to me. Q. All right, sir, now Mr. Welborn, at any time during your conversation leading up to this agreement that you entered into with these gentlemen who were there that day, were you ever told by them at that time that it wasn't The J. R. Watkins Company who would issue that policy but would be Metropolitan Life Insurance Company? A. No, sir, they didn't tell me who would issue it but just told me this policy would be in protection to them and me too."

Defendant introduced a letter from The Watkins Company stating that it had no knowledge of his disability, and he was advised that it was a matter between him and his insurance company. Mr. Welborn introduced the insurance policy, and stated that he had not read it. He said that he "just seen that big Watkins name on the front there", and the name of the beneficiary and the amount payable, the amount payable at death. He later testified that he looked at the statement "forty months at $26.25, and the thousand dollars, that's what I looked at." Defendant admitted that at the time he originally contracted with The Watkins Company he signed a card requesting insurance from the Metropoli-

tan Insurance Company. He also testified that he had had several contracts with The Watkins Company beginning in 1947, the last of which was dated December 31, 1951.

The jury returned a verdict in favor of The J. R. Watkins Company in the principal amount sued for, less $1,050 credit given to the defendants on their counterclaim, leaving a balance of $439.15 as the verdict in favor of plaintiff.

The Watkins Company made a motion for a new trial on several grounds, among which it alleged that the jury's verdict in allowing the counterclaim of defendant Homer O. Welborn was contrary to the law and evidence, and that the verdict was against the overwhelming weight of the evidence. The trial court overruled the motion and entered judgment for The Watkins Company in the sum of $439.15 against all defendants.

■■ ■ We have come to the conclusion that the judgment of the court must be set aside, the case reversed, and appellant granted a new trial for the following reasons: The testimony is overwhelmingly in favor of appellant on the counterclaim of defendant Welborn, wherein he alleged that The Watkins Company agreed to insure him. His claim is not well-taken because defendant Welborn's testimony shows that he made written application for a group policy with the Metropolitan Life Insurance Company, not a policy with The J. R. Watkins Company. Defendant Welborn cannot prevail upon his allegation in the counterclaim that The Watkins Company ratified the alleged verbal insurance contract said to have been promised him by agents of appellant because his own testimony shows that he requested appellant to pay premiums for him and charge it to his account. Moreover, defendant Welborn attempted to collect benefits from the Metropolitan Life Insurance Company. Testimony of a vice president of The Watkins Company, which was in the form of a deposition, as

hereinbefore stated, shows that the alleged agents who were said to have verbally promised defendant Welborn that The Watkins Company would furnish insurance had no authority to make such promise or contract, and that The Watkins Company is not engaged in the insurance business. ██ ██ The burden of proof was upon the counterclaimant to establish his claim under his plea of confession and counterclaim by a preponderance of the testimony. American Bankers' Ins. Co. v. Lee, 161 Miss. 85, 134 So. 836; Pan American Petroleum Corp., et al. v. Bardwell, et ux, 203 Miss. 833, 33 So. 2d 451; Howze v. Whitehead, 93 Miss. 578, 43 So. 401; Mc-Caskey Register Company v. Swor, 154 Miss. 396, 122 So. 489.

██ ██ The demurrer to the counterclaim of the defendant Welborn should have been sustained because the counterclaim, on its face, is an effort to show agency by statement of the agents, and this Court has repeatedly held that agency cannot be proven by statements of agents made out of court, and not in the presence of the party or parties sought to be charged with such verbal statements. Walters v. Stonewall Cotton Mills, 136 Miss. 361, 101 So. 495; Foye Tie & Timber Company v. Nicholas, 128 Miss. 709, 91 So. 395; Columbus & Greenville Ry. Company v. Mississippi Clinic, 153 Miss. 29, 120 So. 203; McCaskey Register Company v. Swor, supra.

██ ██ The defense of the statute of limitations, set out in the answer of Homer O. Welborn, wherein it is sought to show that after the original declaration was amended, the defendants Mr. and Mrs. Moore were not again summoned, is not welltaken because an agreed order was entered permitting the amendment to the declaration and there was no necessity for additional process. Moreover, the answer of the defendants, Mr. and Mrs. Moore, came within the time prescribed by law.

■■ Finally, the instructions granted defendants on the counterclaim of Homer O. Welborn are erroneous and should not have been granted in view of our holding above set out that the demurrer to the counterclaim should have been sustained. We do not find that any motion was made for a directed verdict, and for that reason it is necessary to reverse this case so that proceedings may be had in accordance with the foregoing opinion.

Reversed and remanded.

*Lee, P. J.,* and *Arrington, McElroy* and *Jones, JJ.,* concur.