## FOYE TIE & TIMBER CO. *v.* NICHOLAS.

### [91 South. 395. No. 22540.]

PRINCIPAL AND AGENT. *Agent's conduct did not give him apparent authority, where other party had no notice thereof; agent's unsworn statements not competent to establish his authority or other person's knowledge of his acts.*

In a suit against a corporation for ties sold to its agent, it is improper to give an instruction to the jury that if they believe the plaintiff made the contract with the agent, and that the defendant knew such contract had been made, or knew that the agent was making similar contracts with other persons in the agent's territory and accepted the benefits of such contracts and did not repudiate such contracts, but permitted the agent to make similar contracts, then the defendant is bound by such contracts even though the agent has no authority to make such contracts, where there is no evidence to show that the corporation had knowledge of the fact that the agent was so contracting. Mere unsworn statements of the agent are not competent to establish his authority nor that the company had knowledge of his acts.

APPEAL from circuit court of Marion county.

HON. G. WOOD MAGEE, Special Judge.

Suit by G. C. Nicholas against the Foye Tie & Timber Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*Mounger, Ford & Mounger,* for appellant.

The court committed reversible error in permitting the witnesses, Quin, Moye, Rankin and Guy to testify over the objection of appellant that the agent Williams, during January or February, 1921, had offered to make a parol contract with these parties to purchase ties from them, of a fixed size and definite kind, for a certain price, and for a fixed time. This amounted to nothing more or less than an effort on the part of the appellee to establish agency, or the scope or extent of Williams' powers through an al-

leged agent's declarations. To support the proposition that agency cannot be established by the declaration of the supposed agent, we cite the following cases: *Kinnare* v. *Gregory*, 55 Miss. 612; *Heyman* v. *Dillard*, 1 Miss. Dec.. 195; *Memphis, etc., R. Co.* v. *Cocke*, 64 Miss. 713, 2 So. 725; *Southern Home Building Co.* v. *Butt*, 77 Miss. 944, 28 So. 725. The latest Mississippi case on the subject is *Reichman-Crosby Company* v. *Dinwiddie*, 117 Miss. 103, 77 So. 906, where it was held that: "The admissions of an agent outside of the court are not competent to show the fact of his agency nor the scope or extent of his powers."

This evidence that Williams had offered to make contracts with other parties similar to the contract which appellee was relying upon, was not relevant or admissible as against the appellant on any ground whatever, unless it was admissible on the idea that this evidence was in the nature of a declaration, and would tend to establish agency or the extent of the supposed agent's powers and authority. The Mississippi authorities, however, and all the authorities of every state in the Union that we know anything at all about, are perfectly plain that agency cannot be established in this way.

The giving of the instruction in behalf of the appellee on the subject of ratification, was reversible error, for the reason that there is no evidence in the record of any fact, suggestion, or inference on which an instruction on ratification could be based. This instruction tells the jury that if they believe that such a contract as the plaintiff testified about, was actually made, and the defendant knew that such a contract was made, and knew that Williams was making similar contracts, .etc., now the vice in this instruction is that there is no evidence in the record that the appellant had any knowledge whatever that Williams had attempted to make this particular contract, nor any similar contracts. The witnesses Quin, Moye and Rankin testified that Williams offered to make a similar contract, but they do not testify that he actually. made such a contract. There is no circumstances in the record to indicate

that the appellant knew, or had any suggestion that Williams had ever tried to make any such contract. This instruction was hurtful because it permitted the appellee's counsel to argue to the jury the incompetent testimony of Quin, Rankin and Moye.

Appellant's request for a peremptory instruction should have been sustained for the reason that Williams was not a general agent, but was a special agent with authority only to buy ties when loaded on cars, at prices furnished by the appellant. The law is exceedingly plain that a special agent exceeding his powers does not bind his principal, unless he afterwards ratify the act. See *Lansdale* v. *Shackleford,* W. P. 149; *Planters Bank* v. *Cameron,* 3 S. & M. 609; *Robinson Mer. Co.* v. *Thompson,* 74 Miss. —, 21 So. 794; *Becker Company* v. *Clardy,* 96 Miss. 301, 51 So. 211.

*Rawls & Hathorn,* for appellee.

There is and can be but two questions at issue in this appeal: First: Did E. B. Williams contract with appellee to purchase the ties in litigation? and, Second: If he did contract to purchase them, did he have the authority as appellant's agent to bind it?

On the first proposition we submit that it was purely a question of fact for the jury to pass upon and it has decided it contrary to appellant's contention. The jury has found that Williams did make a contract with appellee for the purchase of these ties, and this finding of the jury is well supported by the evidence.

Counsel in their brief say that Williams was merely an inspector, but both Williams and the general manager say that he had authority to buy ties, not after they were loaded on the cars, not necessarily after they had been hauled from the woods, but he had authority to buy ties anywhere, and regardless of whether he had authority to buy ties before they had been manufactured, and regardless of whether he had authority to buy ties to be manufactured

in the future, he certainly did have authority to buy ties that were already manufactured, anywhere in Marion county, or the territory generally in which Marion county was situated.

Bear in mind that appellant does not claim that Williams did not have the authority to pay the prices agreed upon, but its only claim is that he did not have the authority to contract for the future delivery of ties. It may be admitted for the sake of argument, that Williams did not have the authority to make the contract testified to by appellee as being made in January, and at Williams' restaurant, and still if the jury believed that he made the contract or agreement as testified to by appellee on February 8th, appellee is still entitled to recover, for on February 8th he was not contracting to buy ties, for future delivery, but was buying ties already actually manufactured, and already in the woods, and a large portion of them already on the ramps and actually there where Williams could and did see them when he bought them. We are sure that if the four hundred and forty-two ties had been on the ramps on February 8th, and Williams had contracted to buy them and agreed to come next week and take them up, that appellant would not contend for a moment that Williams was acting without the scope of his authority, for he would only have been buying ties. That being true, what difference could it make if a part of the ties were still in the woods. If he had authority to buy ties, he could buy them as well away from the railroad as on it.

We say that there was no error in admitting the testimony of the witnesses, Rankin, Guy and Moye, and others, nor was there any error in the court granting the instruction complained of by appellant, but if error at all, it was certainly harmless error, for the jury was amply justified in returning the verdict it did return and in fact in the light of this record we do not see how they could have done anything else. We therefore respectfully insist that the case ought to be and we believe will be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

Appellant was defendant below and appellee was plaintiff. The plaintiff brought suit for four hundred and seventy-five dollars on cross-ties sold to appellant through its agent, Williams. The number and price of said ties are set forth in the declaration. The defendant pleaded the general issue. The testimony for the plaintiff was that he sold to Williams as agent for the appellant the ties sued for in the declaration; that the original contract between him and Williams was made in January, and that Williams agreed to take all the ties that plaintiff would place for him at Cheraw, Miss.; that on the 8th day of February the appellant, through its agent, loaded one car of said ties, taking the ties of larger dimension, 7x8 and 7x9, and leaving the ties of smaller dimension, and that the plaintiff protested against his taking the larger ties and leaving the smaller ones, and that appellant's purchasing agent told him he would take all of the ties, but that as a favor to his company he wanted to take up the larger ties that week, and for the appellee to procure cars and that he would come back the following week and take up the smaller ties; that he did so procure the cars, but appellant failed to take them up, but promised to take them up at a subsequent date; and that he agreed on two or three different occasions to take up such ties and directed the plaintiff to get cars for each of said dates, which he did, and on which cars he was compelled to pay demurrage, because of the failure of appellant to take up the ties. Finally appellant, through its agent, refused to take up other ties, and consequently the plaintiff brought this suit, being unable to sell the ties to other persons, except a small number which were sold and the purchase price credited on the contract price. The appellant's agent, Williams, denied the agreement and testified that he made no trade for any ties for the appellant other than the carload mentioned which constituted a single transaction. He further testified that he had no authority to

buy ties for the appellant for future delivery. The manager of the appellant company in charge of its business at Mobile, Ala., testified that Williams had no authority to buy ties for future delivery. The testimony of this witness with reference to the power of the agent, Williams, is as follows:

"Q. Who was in charge of the purchasing of ties in the territory included in Marion county? A. Mr. E. B. Williams. Q. Under whose authority was that conducted? A. Under the authority of our Mobile office. Q. Tell whether or not Mr. Williams had any authority to make contracts for the future delivery of ties? A. He did not. Q. What was his authority? A. His authority was to buy ties from time to time by the prices that we furnished him from our office and to pay for them by signed draft and see that they were loaded on the cars."

Plaintiff introduced other witnesses to show that Williams was buying ties for the appellant and to prove that he offered to purchase from such witness ties to be taken up at later dates, and to prove statements by Williams that he had employed Mr. Nicholas to buy ties for the company. This testimony was objected to by the appellant. The plaintiff requested and was given the following instruction:

"The court instructs the jury for the plaintiff that if you shall believe from a preponderance of the evidence in this case that plaintiff made the contract testified to by him with Williams, and that defendant knew that such contract had been made, or knew that Williams, representing them, was making similar contracts with other persons, in his (Williams') territory or the communities where Williams bought ties for defendant, and accepted the benefits of such contract with plaintiff, if any you believe there was, and did not repudiate such contract, but permitted Williams to remain in said territory, making similar contracts, then defendant is bound by the contract, if any made, even though you may not believe that Williams had specific authority to make such contract."

There is no proof to show that Williams had authority from the company to buy ties from other people for future delivery, nor that there was any notice to the company that he was making such contracts and paying for such ties contrary to his authority. We think the case should have been tried upon the testimony of Nicholas and that of the defendant, unless there was testimony that the company had notice that he was making contracts in violation of his authority and with such knowledge accepted and paid for such ties. For the giving of this instruction the case will be reversed and the cause remanded.

*Reversed and remanded.*