CUE OIL CO. *v.* FORNEA OIL CO., INC.

In Banc. April 10, 1950.

No. 37450 (45 So. (2d) 597)

Gex & Gex, Thigpen & Stewart and **W. E. Gore,** for appellant.

**J. E. Stockstill,** for appellee.

**Lee, J.**

Fornea Oil Company sued Cue Oil Company to recover a sum of money. From a jury verdict for the amount sued for, and a judgment thereon, the latter appeals.

Appellee was a partnership, handling Sinclair products, with a bulk plant in the Town of Picayune. The appellant was a corporation, handling Shell products, with its principal office at Bay St. Louis, and having a bulk plant also in the Town of Picayune, with one Taylor as its agent over the bulk plant. This agent worked on a commission basis. The appellant delivered Shell products to him at its bulk plant. His sole duties were to sell and deliver these products at retail stations, collect the money, and remit to the home office. In the case of approved customers, he simply delivered the products, and those customers made their remittances direct to the company. Taylor had no authority whatever to buy these products, or any products for the bulk plant.

Taylor had an independent service station, and he could, for that station, buy or use whatever products he desired.

Over a period of about ten days in the latter part of July, 1947, Taylor, from appellee's bulk plant, obtained

about eight loads of gasoline, aggregating 4,200 gallons, and other products, of the value of $799.47. These were Sinclair products, and were delivered into his tank truck, on which Shell was painted. Appellee claimed that this was a loan, because Taylor represented that appellant's delivery truck was broken down. On the contrary, appellant asserted that its delivery truck was not broken down,—that it delivered the products when and as it became necessary, and that public transports were available in that contingency. In the first place, Taylor had no right to borrow, but, in the second place, if he had done so and used such borrowings for appellant's benefit, there would have been an overplus in his account. Instead of an overplus, Taylor was always in arrears—he did not account for all the products which appellant sent him.

 Appellee undertook to show that interchange of petroleum products had taken place previously. Once or twice, Taylor's predecessor borrowed gasoline from another company, but it was returned on the following day, and appellant had no notice thereof. Another instance of like import was shown, but appellant was not apprised of this transaction. Appellee offered proof of several like deals, as where they would lend today and a return would be made tomorrow. But in none of these cases was there any proof that these deals were called to the attention of appellant. Nor was the proof sufficient to show that this custom was so prevalent as to put appellant on notice sufficient to establish acquiescence or ratification. Taylor betook himself to other parts and did not testify in the trial.

A number of errors are assigned, but in view of our conclusion, we deal here with the question of agency only.

 It is elemental that an agent of limited authority can be created. Gulfport & Mississippi Coast Traction Co. v. Faulk, 118 Miss. 894, 80 So. 340. The burden is on the claimant to show the authority of the agent.

National Cash Register Co. v. Giffin, 192 Misc. 556, 6 So. (2d) 605; McCaskey Register Co. v. Swor, 154 Miss. 396, 122 So. 489, 753. It is further elemental that such authority may not be proved by the declaration of the agent outside of court. Walters v. Stonewall Cotton Mills, 136 Miss. 361, 101 So. 495. Of course, a principal is liable for the act of his agent done within the actual or apparent scope of his authority. ▉ ▉ Since Taylor had no actual or apparent authority to purchase gasoline or other products, it follows that a purchase or loan of Sinclair products was contrary to his actual authority and not within the apparent scope of his authority.

Neither was there any proof of acquiescence or ratification of these unauthorized transactions by the appellant sufficient to overcome the lack of actual or apparent authority. Foye Tie & Timber Co. v. Nicholas, 128 Miss. 709, 91 So. 395; 2 Am. Jur. 272, 3 C. J. S., Agency, Section 242, p. 166.

From the views stated herein, it follows that we think the trial court erred in refusing to grant appellant's request for a directed verdict.

Reversed and rendered.