## SPARKMAN *v.* HARDY.

No. 39516 March 16, 1955 78 So. 2d 584

*Alexander, Feduccia & Alexander,* Cleveland, for complainant.

*Levingston & Bizzell,* Cleveland, for appellee.

LEE, J.

This cause originated by the bill of complaint of Mrs. Edd Metts Hardy to compel the acceptance by Mrs. L. B. Sparkman of monthly advance rent in the sum of $120.00 for the first floor and the rear four rooms on the second floor, including the rear half of the hall on the second floor, of the Sparkman building in the City of Cleveland, Mississippi. The complainant alleged that she is the assignee of an original lease from Mrs. Sparkman to Marion J. Hardy, dated March 29, 1945, which was to run for a period of ten years, with the right of renewal, under certain conditions, for an additional fifteen years. It was charged that Mrs. Sparkman refused to accept the January 1952 rent; and such amount, together with the amount to accrue until the disposition of the cause, was paid into the registry of the court. She prayed for permission to continue the payment of the monthly rentals into court in order to prevent a for-

feiture for failure to pay rent when, and as the same became due, until the court should direct the method and manner of payment. Copies of the original lease and of the assignment were attached.

The answer of Mrs. Sparkman admitted the receipt of rent from December 1945 to December 1951; that she refused acceptance of the January 1952 rent because complainant and her husband, Marion J. Hardy, made material changes and alterations in the building without her permission; and that they declined to restore the building to its former state, after she protested. She made her answer also a cross bill, in which it was charged that she had no knowledge of the assignment of the lease; that a partition was placed in the building, which shut off about ten feet of the south side from the north side for a distance of sixty-five feet; that the ten foot strip was converted into offices, thus leaving the store proper only twenty feet instead of thirty feet wide; that a part of the glass front, installed at great expense, was removed; that the acts of the Hardys converted the building into a different kind of structure, with consequent damage to its value; that such material changes constituted waste; and that the restoration of the building to its previous state will be expensive. She therefore prayed for the cancellation of the lease and the assignment, and for recovery of damages on account of the changes.

The answer of the cross defendant, Mrs. Hardy, admitted that certain changes were made, but denied that they were material ones. On the contrary, she asserted that they were temporary in character, can be easily taken down, and that they increased the value of the building; and that A. B. Sparkman, a son of Mrs. Sparkman and her agent at the time, assented to and voiced his approval of the changes. She also asked leave to file a supplemental bill; but in view of the fact that, in the final decree, it was dismissed without prejudice, and

no cross appeal therefrom was taken, it is unnecessary to make a further reference to it.

The court, at the conclusion of the hearing, validated the assignment to, and the title of, Mrs. Hardy in the lease, denied damages to Mrs. Sparkman on account of the changes, and directed the payment of rent in cash or collectible check to Mrs. Sparkman, her heirs, etc., through the mail at Cleveland, Mississippi. From the final judgment, Mrs. Sparkman appealed.

When the lease was originally executed, Marion J. Hardy purposed to use the space for an electrical appliance shop, though there was no provision in the contract, which, in any case, limited the use. Neither was there a prohibition against its assignment or changes in the rental property. The changes, which are complained about, were made in August and September 1950. The partition cut the building into two parts for approximately -sixty-five feet, with ten feet on the south side, which was converted into offices, and twenty feet on the north side, which was sublet for a jewlry shop. There was also a change in the front entrance. Mrs. Sparkman knew nothing about these changes until after they were made. She did not authorize them. She protested when she ascertained that they had been made, and demanded that the building be restored to its former condition. Her witnesses testified that it would cost a minimum of $840.90 and perhaps $1,000.00, or slightly more, to put the building in its former condition.

The evidence for the Hardys was to the effect that the changes were temporary in nature; that the building could be restored to its previous condition at small cost; that instead of damage to the building, the changes in fact increased its value; and that A. B. Sparkman knew about the changes at the time, he did not protest against them, but in fact expressed his approval.

It is the contention of the appellant here that the changes were material and that the appellee had no right to make them without her consent; that she did not ap-

prove or consent thereto; and that waste was thereby committed, and that she is entitled to recover.

On the other hand, the appellee contends that she had the right, since the changes were temporary in character, to make them without the consent of Mrs. Sparkman; but that if such consent was necessary, at least she had such consent because A. B. Sparkman knew about the changes, was present when they were being made and did not protest against them, but in fact approved them.

██ █ Mrs. Sparkman was the owner of the property. She signed the lease. She testified that A. B. Sparkman was not her agent and had no authority to consent to changes. A. B. Sparkman testified to the same effect, and denied that he was his mother's agent or that he consented to or approved them. The alleged declarations and conduct of A. B. Sparkman out of court, not necessary to be detailed here, were inadmissible and insufficient to prove agency. Walters v. Stonewall Cotton Mills, 136 Miss. 361, 101 So. 495; Columbus & Greenville Ry. Co. v. Mississippi Clinic, (Miss.), 120 So. 203; McCaskey Register Co. v. Swor, et al., 154 Miss. 396, 122 So. 489; Sumter Lbr. Co., Inc., v. Hook, et al., (Miss.), 184 So. 70; Cue Oil Co. v. Fornea Oil Co., Inc., 208 Miss. 810, 45 So. 2d 597. ██ █ Consequently Mrs. Sparkman was not bound by the alleged declarations of consent by her son.

The case turns on whether or not the changes were material, and therefore amounted to waste.

 In Moss Point Lbr. Co. v. Harrison County, 89 Miss. 448, 42 So. 290, 873, this Court said that: "Waste is defined to be any substantial injury done to the inheritance, by one having a limited estate, during the continuance of his estate." ██ █ It was also there said that: " * * * it is a universal rule in this country that, unless exempted by the terms of the lease from responsibility for waste, a tenant is responsible for voluntary waste, whenever committed."

██ ██ Undoubtedly material changes in a building, even though they may enhance the value, amount to waste. A good statement of the rule is given in Section 1615, Vol. 4, Thompson on Real Property, p. 118, as follows: "A tenant, whether rightfully in possession or not, cannot, without the consent of the landlord, make material changes or alterations in a building to suit his taste or convenience, and, if he does, it is waste. The law is undoubtedly so settled. Any material change in the nature or character of the buildings made by the tenant is waste, although the value of the property should be enhanced by the alteration."

██ ██ In the absence of a provision to the contrary, the tenant had the right to make such temporary changes as were consistent and proper for the utilization of the leased premises. Plaza Amusement Co. v. Rothenberg, et al., 159 Miss. 800, 131 So. 350. The changes did not affect the four walls, the foundation, or the roof. ██ ██ The reasonable value of the building was not shown; however, it appeared that it was insured for $15,000.00, and this affords a gauge by which it may be reasonably concluded that the building was worth at least that amount, and perhaps more. ██ ██ The parties to a ten-year lease, with a potential of fifteen additional years by renewal, in the absence of a prohibition to the contrary, must have contemplated that changes or re-arrangements of the leased space could and would be made. All of the evidence showed that the former status can be restored at a cost ranging from several hundred to one thousand dollars — a small per cent of the actual value of the building. Drawings and photographs were introduced in evidence. Besides the court, on the motion of the appellant, "made a minute inspection of all parts" of the building. ██ ██ Under the evidence in this case, the learned chancellor was fully warranted in finding that the changes are temporary and are not so material as to amount to waste.

It follows therefore that the decree appealed from must be, and is, affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Kyle* and *Holmes, JJ.,* concur.