308 So.2d 90 (1975)
James R. AUSTIN
v.
GULF STATES FINANCE COMPANY and Personal Loan and Finance Corporation.
No. 47897.
Supreme Court of Mississippi.
February 17, 1975.
*91 Roy O. Parker, William F. Randle, Tupelo, for appellant.
Lumpkin, Holland & Ray, Tupelo, C.D. Thomas, Pontotoc, for appellee.
Before RODGERS, SMITH and SUGG, JJ.
RODGERS, Presiding Justice.
James R. Austin filed suit originally against the estate of James Ruble Hayles and the above named defendants, and this case, No. 9897 in the Circuit Court of Pontotoc County, Mississippi, resulted in two mistrials. A settlement was made between the appellant and the estate of James Ruble Hayles. The appellant released the Hayles estate by a covenant not to sue for a consideration of seven thousand five hundred dollars ($7,500.00). The lawyers for the plaintiff in the original case did not participate in the present case. Other attorneys were employed to represent the plaintiff in the present case, No. 10,044, in the Circuit Court of Pontotoc County, Mississippi. They filed a new declaration in Cause No. 10,044, leaving out the estate of James Ruble Hayles. There was considerable discussion, disagreement, and misunderstanding between the attorneys with reference to the right of the attorneys for the defendants to file an answer. The matter was presented to the trial judge in chambers. He permitted a default judgment to be taken with the apparent understanding that a motion would be filed by the defense counsel to set aside the judgment on a hearing in vacation at a time when he would have an opportunity to hear and determine the issue. The judge was then in the trial of another case. The default judgment was taken; the motion was filed and an order entered setting the matter for hearing in vacation. Testimony was taken in vacation on the issue, and the judge set aside the fault judgment. An answer was filed, and the case was set down for hearing at the next term of court.
*92 The defendants in their answer denied that James Ruble Hayles  the driver of the automobile in which the appellant was seriously injured  was the agent of the defendants at the time of the accident. The defendants pleaded an affirmative defense which is not necessary to discuss in this opinion.
The case proceeded to trial before a jury at the next term of court. The evidence showed that the plaintiff was asleep on the back seat of an automobile driven by James Ruble Hayles at a time when Hayles drove his automobile into a railroad overpass abutment, seriously and permanently injuring plaintiff and causing the death of Hayles, the driver.
In an effort to show that Hayles was an agent of the defendants, the plaintiff offered proof to the effect that Hayles was an employee of the defendants, whose general duty consisted of collecting accounts due the defendants. Hayles' widow testified that he had over a hundred accounts to collect at the time of his death, and said that he worked early and late.
The plaintiff Austin testified that Hayles asked him to go with him to make a collection. His testimony on this point is as follows:
"Q. What was the purpose of your going with James Ruble Hayles up above Ecru on the night or the early morning in question?
A. He had someone that he had to see and had been trying to see up there and wanted me to go up there with him about collecting a bill."
Objection was made to this statement and was overruled by the court. He further testified:
"Q. Do you know who James Ruble Hayles worked for at this time?
A. Yes, sir.
Q. Who?
A. Tower Loan Brokers." [The defendants had purchased the business from Tower Loan Brokers before the accident].
The plaintiff and Hayles left early in the morning. The witness was asked:
"Q. All right, what time did you leave the house of James Ruble Hayles?"
He replied:
"A. Somewhere between two-thirty and three o'clock."
Dud Tutor, a witness for the plaintiff, testified, after objection to the question had been overruled, as follows:
"Q. Do you know when they left the house where they intended to go?
* * * * * *
A. To collect a bill."
The defendants objected to the question upon the ground that the question and answer were based upon hearsay.
Joe Austin also testified as follows:
"Q. When you got to Ruble's house what if anything did Ruble Hayles say to James Austin concerning the collection of bills?
* * * * * *
A. He asked James to go collect a bill with him."
Several witnesses from other finance companies testified that it was customary in the finance business for the collector to go early and late to collect delinquent accounts.
At the termination of the plaintiff's testimony, the defendants, through their counsel, dictated a motion asking the trial court to direct a verdict in favor of the defendants upon the following ground, inter alia: "The plaintiff failed to prove that James Ruble Hayles was acting within the scope of his employment at the time of the accident."
*93 The trial court sustained the motion and granted a directed verdict upon the ground that the statement of the employee was not sufficient evidence to show that the agent was acting within the scope of his employment at the time of the accident.
The appellant argues on appeal that the trial judge committed a reversible error in setting aside the default judgment entered at the March term of the Circuit Court of Pontotoc County, Mississippi, upon the grounds that the motion was not verified. However, from a reading of Mississippi Code Annotated Section 11-7-171 (1972), it appears that this section does not require the motion to be verified. It only requires that "good cause be shown therefor on oath." Proof was offered on the hearing. Section 11-7-121, Mississippi Code Annotated (1972), contains the amendment from Ch. 297, [1962] Miss. Gen.Laws 535 by which motions were allowed to be heard in vacation. Hyde Construction Co. v. Highway Materials Co., 248 Miss. 564, 159 So.2d 170 (1963).
The trial judge pointed out in the record that at the time the plaintiff insisted upon obtaining a default judgment, he was then engaged in the trial of a criminal case. He stated that the motion for a default judgment was made next to the last day of the regular term of court and that the case could not have been tried on its merits at that time. He made it clear to the litigants before granting the default judgment, that he would entertain a motion to set aside the judgment, and would hear the motion in vacation. The litigants had a right to rely on the statements of the trial judge. Compare Gardner v. Price, 199 Miss. 809, 25 So.2d 459 (1946).
The motion was heard on sworn testimony in vacation and the court set aside the default judgment and continued the case to the next regular term of court for a hearing on the merits. The court required the defendants to pay the witness fees of the plaintiff's witnesses. We find no error in the acts of the court in setting aside the default judgment.
The contention of appellant  that the trial judge erroneously held that the testimony of the witnesses to the effect that James Ruble Hayles asked James Austin, the plaintiff/appellant, to go with him to make a collection was inadmissible to prove that the agent Hayles was acting within the scope of his authority  is not well taken. We are unable to agree with this argument because it is well-established law that the admissions, statements and declarations of an agent, other than his testimony in the court in which the issue arises, are not admissible to prove agency or of the scope or extent of his agency. 3 Am.Jur.2d Agency § 354, at 711 (1962); Annot., 3 A.L.R.2d 598, 602, § 3 (1949). Such statements are held to be inadmissible in evidence under the rule excluding hearsay. 53 Am.Jur.2d Master and Servant § 384, at 390 (1970).
We said in City of Jackson v. Bridges, 243 Miss. 646, 139 So.2d 660 (1962), that:
"Declarations of an alleged agent off the witness stand cannot be testified to by others to show agency and its scope, although a witness can testify from the witness stand about his agency just as any other witness. Walters v. Stonewall Cotton Mills, 136 Miss. 361, 101 So. 495; Sparkman v. Hardy, 223 Miss. 452, 78 So. 584." 243 Miss. at 656, 139 So.2d at 664.
It has also been generally held by our sister states that the statements of an agent that he was acting within the scope of his employment, where the statements are not part of the res gestae, are inadmissible to prove that the agent was so acting. Otero v. Soto, 34 Ariz. 87, 267 P. 947 (1928); Sokolof v. Donn, 194 N.Y.S. 580 (Sup.Ct. 1922); Frank v. Wright, 140 Tenn. 535, 205 S.W. 434 (1918).
The burden of proof to show that the collecting agent James Ruble Hayles was acting within the scope of his *94 employment at the time he negligently ran into the bridge abutment was upon the plaintiff James R. Austin. Without the alleged statements of James Ruble Hayles there is no evidence to show this contention.
We are, therefore, of the opinion that the trial judge was correct in granting a directed verdict since there was no competent testimony to show that Hayles was acting within the scope of his employment as an agent of the defendants at the time of the accident.
Affirmed.
GILLESPIE, C.J., and PATTERSON, INZER, ROBERTSON, WALKER and BROOM, JJ., concur.